**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDWARD J. THOMPSON,

      Plaintiff-Appellant,

v.

LOUIS CALDERA, Secretary of the
Department of the Army,

      Defendant-Appellee.

No. 03-1472
(D.C. No. 01-S-21 (OES))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **MURPHY** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff appeals the district court's entry of summary judgment for

defendant on plaintiff's employment discrimination claims and alleged violations

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a. Based on our review of the parties' arguments and according appropriate consideration to plaintiff's pro se status, we affirm.

Background

Plaintiff was a civilian employee of the Department of the Army at the former Fitzsimons Army Medical Center (Fitzsimons) in Colorado. Pursuant to a congressionally mandated closure of the facility in 1995, a three-stage reduction-in-force (RIF) procedure was conducted to reduce the workforce first from 1300 to about 400, second to 215 and finally to fifteen employees. Although the primary goal of the RIF was to abolish jobs and close the facility, early retirement incentives and re-employment efforts were also offered.

The stages of the RIF involved a complicated combination of recommendations from department superiors, computer programming interfaced with the civilian personnel record system, and ultimately human decision making regarding separation or retention of individual employees. The system incorporated tenure groups and subgroups, permitting certain employees to "bump" others, depending on grade, type of service, and veteran status, as well as to "retreat" to other positions, so long as certain job qualifications were met. Plaintiff was notified in February of 1996 that he would be separated the following February. That date was extended to April of 1997, but rather than be

-2-

separated, plaintiff retired. He appealed his retirement to the Merit Systems Protection Board (MSPB), which found his separation was not the result of discrimination. This decision was affirmed by the Equal Employment Opportunity Commission's Office of Federal Operations.

## District Court Proceedings

Plaintiff then filed suit in federal court alleging claims of discrimination (age, race, and gender), [1] violations of the FOIA and the Privacy Act, as well as claims of prohibited personnel practices in violation of the False Claims Act (FCA) and Title 5 of the Code of Federal Regulations. Following a successful partial motion to dismiss, the district court granted defendant's motion for summary judgment on plaintiff's claims of discrimination and alleged violations of the FOIA and the Privacy Act.

The assigned magistrate judge considered the discrimination claims under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), as modified by the RIF framework. *See* Vol. II, doc. 164 at 7-8. Thus, plaintiff was required to show that (1) he was within the protected group, (2) he performed satisfactory work and (3) he was discharged

---

[1] The race and gender claims were asserted under Title VII of the Civil Rights Act; the age discrimination charge was apparently pursuant to the Age Discrimination in Employment Act (ADEA).

despite adequate work, and (4) that the record contained evidence that defendant intended to discriminate against him in its RIF decision. A plaintiff can meet this fourth element by showing circumstances under which defendant could have retained plaintiff, but instead chose to retain a nonprotected employee. *See Juarez v. ACS Gov't Solutions Group, Inc.*, 314 F.3d 1243, 1245-46 (10th Cir. 2003).

The magistrate judge carefully considered the evidence and the parties' arguments, treating plaintiff's pro se claims as liberally as possible, notwithstanding plaintiff's conclusory allegations and failure to identify a position he could have been assigned to and that he was qualified for. *See* Vol. II, doc. 164 at 9-10. The magistrate judge found that plaintiff had failed to establish a prima facie case of discrimination, but that even if plaintiff had done so, he had not presented sufficient evidence of pretext. *Id.* at 11.

With respect to plaintiff's FOIA and Privacy Act claims, defendant conceded a timeliness violation under the FOIA, but noted that no damage remedy was available. *See* 5 U.S.C. § 552(a)(B). Nor were damages available for Privacy Act violations alleging unlawful withholding of records. *See* 5 U.S.C. § 552a(g)(3)(A). Defendant indicated that the agency's final decision on plaintiff's FOIA and Privacy Act requests had ultimately been issued in May of 2002 and that plaintiff had contested certain exemptions raised as part of the final

decision by appealing to the Department of the Army. The magistrate judge determined that plaintiff's arguments regarding any exemptions were not part of the district court action and that defendant's disclosure had essentially mooted the FOIA/Privacy Act claims. Vol. II, doc. 164 at 13-14. Finally, the magistrate judge recommended overruling plaintiff's objections to the denial of an earlier motion for sanctions.

Plaintiff timely objected to the magistrate judge's recommendation, stating, inter alia, that plaintiff could not "present facts essential to justify his opposition" to the motion for summary judgment. Vol. II, doc. 165 at 2. Specifically, he complained that defendant was refusing to furnish "the complete RIF Retention Register and associated documents as requested under discovery" and certain federal regulations. *Id.* at 3. In addition, he claimed his retirement was involuntary because it was based on an "affirmative misrepresentation" and "erroneous information." *Id.* at 4. He also listed a series of court orders he claimed reflected "bias towards the [d]efendant." *Id.* at 5.

The district court reviewed the magistrate judge's recommendation de novo, after thoroughly reviewing the file. The district court noted that "the Retention Register was withheld by [d]efendant as a privileged document," containing a nearly 500-page listing of all civilian employees at Fitzsimons,

including "several categories of personal information about each individual."

Vol. II, doc. 167 at 3. The court further noted that:

> The privilege log stated that this was one of a category of documents which would not be produced to Plaintiff without the entry of a Confidentiality Order. Rather than approve the proposed confidentiality order submitted to him by Defendant, Plaintiff chose to compel the production of those documents on the stated basis that Defendant's concern that production would violate the Privacy Act, 5 U.S.C. § 552a, was unfounded.
>
> This motion to compel was stricken by Magistrate Judge Schlatter as lacking sufficient information to allow the Magistrate Judge to understand the basis of Plaintiff's argument. The order directed Plaintiff to refile the motion with specific citations to the authority upon which he relied. It does not appear that Plaintiff ever refiled the motion. Consequently, it appears that Plaintiff never actually contested Defendant's use of the privilege log. Similarly, Plaintiff never appealed to this court in any manner the nonproduction of the Retention Register or any other document.
>
> Under those circumstances, an extension of the time pursuant to Rule 56(f) to file his response to Defendant's motion for summary judgment would not have made any difference. Time would not have solved the problem that Plaintiff was not going to get the document he wanted unless he either signed a confidentiality order or appealed to this Court regarding production of the document.
>
> In addition, all this is beside the fact that Plaintiff never asked for a Rule 56(f) extension of time. In the document referred to above in which he discusses Rule 56(f), he ends the document by asking that the motion for summary judgment be denied. He does not make any other requests in that amended response, which merely notes the unavailability of the Retention Register. Consequently, having failed to take advantage of these options which were open to him, Plaintiff had a fair opportunity to oppose Defendant's motion for summary judgment.

*Id.* Vol. II, doc. 167 at 3-4 (footnotes omitted).

The court also determined that plaintiff had failed to present evidence showing defendant's proffered reasons for its employment action were pretextual, concluding that no rational trier of fact could find for plaintiff based on the showing made in defendant's motion for summary judgment and plaintiff's response. *Id.* at 5-6. The court accepted the magistrate judge's proposed findings and recommendations and entered summary judgment for defendant.

<u>Appellate Issues</u>

In his opening brief plaintiff contends that (1) the district court erred in granting summary judgment without allowing him sufficient documents essential to his opposition; (2) the district court erred in its rulings on evidence and discovery properly requested under the federal rules of procedure and the FOIA; (3) the district court erred in refusing his request to maintain a class action; and (4) other related issues set forth as part of an earlier appeal to this court. Aplt. Opening Br. at 1.

Plaintiff's argument section rephrases these issues somewhat to allege the district court erred by denying him certain discovery information, including his FOIA request, by refusing his request to maintain a class action, and because of the alleged bias and prejudice of the district court judge. *Id.* at 3-4. In his reply brief, plaintiff asks this court to review "all of the [d]istrict court records" without further suggesting the purpose of that review. Aplt. Reply Br. at 2.

He also argues that the retention register is not privileged material and that his "request to review the complete retention register and related records" does not violate the Privacy Act. *Id.* at 3.

## Standard of Review

We review the district court's summary judgment decision de novo, applying the same standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion. However, where the non moving party will bear the burden of proof at trial on a dispositive issue[,] that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*Neal v. Roche*, 349 F.3d 1246, 1249 (10th Cir. 2003) (quotation omitted).

<u>Summary Judgment/Retention Register Claims</u>

The crux of plaintiff's argument appears to be that he was unable to adequately respond to defendant's motion for summary judgment without access to the complete retention register. Plaintiff pursued his administrative remedies under the FOIA and received his final response in May of 2002. As of October 2002, plaintiff had appealed the Army's withholding of certain requested documents under the Privacy Act exemption, 5 U.S.C. § 552(b)(6). We are not aware of the outcome of the appeal process. Plaintiff did not seek to amend his complaint to challenge the nondisclosure of this information, but merely continues to claim he is entitled to it and that defendant's listing of this material as privileged is wrong.

In response to a series of interrogatories, defendant submitted a privilege log containing several categories of documents, including the complete retention record, the disclosure of which, "absent the entry of a Confidentiality Order," defendant deemed would violate the Privacy Act.       Vol. II , doc. 117, Ex. A. In April of 2002, defendant also sent plaintiff a draft proposed confidentiality order, which defendant stated would be submitted to the court if plaintiff would sign it. Vol. II, doc. 110 (attachments).

At the May 9, 2002 motions hearing, plaintiff was asked if he would sign the confidentiality agreement, with the understanding that he would not be

allowed access to the documents unless he did so.  Vol. IV at 20-21.  The court entered an order to this effect on May 13.  Vol. II, doc. 109 at 2 ("Plaintiff is further advised that if he fails to sign the confidentiality agreement, he will not be allowed to read any documents which have been deemed confidential.").  In response to the May 13 order, plaintiff complained that the defendant's proposed agreement was entitled "Stipulated Protective Order," not a confidentiality agreement.  Vol. II, doc. 110 at 1.  For that reason, plaintiff argued that any constraints "placed upon him should not be imposed."  *Id.*, doc. 110 at 2.  He did not, however, appeal the May 13 order to the district court.

Plaintiff then moved to compel production of the documents listed in defendant's privilege log, arguing that defendant's beliefs that disclosure of these document would violate the Privacy Act were "unfounded."  *Id.* Vol. II, doc. 117. The magistrate judge entered an order striking that motion with instructions that plaintiff could refile it with proper citations to regulations supporting his arguments.  *Id.*, doc. 120 at 1-2.  Plaintiff did not refile the motion, nor did he appeal to the district court the magistrate judge's order striking his motion to compel.

On appeal, plaintiff does not contest the district court's explanation that the retention register was listed on defendant's privilege log and that plaintiff's access was conditioned on signing a confidentiality order.  Nor does he properly

-10-

challenge defendant's assertion of privilege, except to continue to seek to compel production of the entire document. He did not seek review of the magistrate judge's order specifically advising him that if he did not sign defendant's confidentiality order he would not be able to read the documents. Finally, he has offered no explanation, either in the district court or in this court, for his refusal to sign the confidentiality order. Thus, any lack of discovery documents sufficient to respond to defendant's summary judgment motion was purely of plaintiff's own making. We concur with the district court's observations, which, again, plaintiff does not challenge on appeal, that having failed to appeal to the district court the nonproduction of the retention register and having failed to move for an extension of time under Fed. R. Civ. P. 56(f), plaintiff had a fair opportunity to oppose defendant's motion for summary judgment but failed to take advantage of those options open to him. Vol. II, doc. 167 at 4. Plaintiff therefore failed to come forward with specific facts showing a genuine issue for trial as to those dispositive matters for which he bore the burden of proof. *See Simms*, 165 F.3d at 1326. Unsupported conclusory allegations, such as plaintiff's argument that once defendant produces the entire RIF retention register, plaintiff will present evidence to establish his discrimination claim, do not create an issue of fact. *See Matthiesen v. Banc One Mortgage Corp.*, 173 F.3d 1242, 1247 (10th Cir. 1999). The district court correctly determined that defendant's

summary judgment motion was properly supported and fulfilled the requirements of demonstrating that no genuine issue of material fact existed and that defendant was entitled to summary judgment as a matter of law. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002). Finally, plaintiff has failed to advance any grounds on appeal, accompanied by reasoned argument, questioning the merits of the court's ruling on his discrimination claim. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1547 (10th Cir. 1995). We will not assume the role of advocate for a pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Class Action Claim

Plaintiff next argues that the district court erred in dismissing his class action claim. The court did so (1) because plaintiff failed to exhaust his administrative remedies by not including this claim in his administrative EEO complaint and (2) because plaintiff's complaint lacked either specific allegations to support his claim that defendant's alleged violations affected the rights of numerous other employees or the prerequisites for a class action claim under Fed. R. Civ. P. 23. On appeal plaintiff presents no argument beyond that he is "entitled to pre-certification discovery to establish [a] record that [the] district court needs to determine whether [the] requirements for [a] class suit have been met" under Fed. R. Civ. P. 23(a). Aplt. Opening Br. at 3.

-12-

In his objections to the magistrate judge's recommendations, plaintiff argued that his attempt to raise the class action question before the administrative law judge for the MSPB was denied. Vol. I, doc. 43 at 2-3. But plaintiff did not provide any specific facts to support the procedural requirements of Rule 23(a), nor did he make any claim of needing "pre-certification discovery." "Issues not raised in plaintiff's objections to the magistrate judge's recommendation are waived on appeal." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). More fundamentally, however, "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Id.* The district court properly dismissed this claim.

Claim of Unconstitutionality (Bias)

Plaintiff filed a pleading entitled "Claim of Unconstitutionality," purporting to rely on Colorado Local Rule 24.1(A), which governs a party's responsibilities when that party "questions the constitutionality of an act of Congress." Plaintiff, however, only took issue with certain rulings (or alleged lack thereof) of the magistrate judge and district judge and contended that the magistrate judge abused his judicial power pursuant to 28 U.S.C. § 453. We are not directed to any act of Congress plaintiff claims is unconstitutional. Plaintiff did not specifically seek the recusal of the magistrate judge or the district judge pursuant to the provisions of either 28 U.S.C. § 144 or § 455, nor did he comply with the

procedural requisites of those statutes. *See generally Hinman v. Rogers*, 831 F.2d 937 (10th Cir. 1987). He also did not attempt to comply with the procedure for filing complaints against judges. *See* 28 U.S.C. §§ 351-364. In any event, adverse rulings alone are insufficient grounds for disqualification of a judge, "as is evidence that the judge criticized or was angry with a party." *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1501 (10th Cir. 1994). To the contrary, the record reflects that both the magistrate judge and district judge demonstrated remarkable patience with plaintiff because of his pro se status. We find this claim to be unsupported and without merit.

## Review of Other Court Documents

In his reply brief, plaintiff asks this court to generally review all of the district court records. We decline to do so, as this court is neither obligated to sift through the record to find support for plaintiff's arguments, *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992), nor to construct his arguments for him. *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).

Plaintiff's pro se status does not excuse the obligation of a litigant to comply with the fundamental requirements of the appellate rules, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), nor is it our "burden to hunt . . . down pertinent materials." *Rios v. Bigler*, 67 F.3d 1543, 1553 (10th Cir. 1995). Also, insofar as plaintiff purports to incorporate unspecified "other related

issues" as set forth in briefs filed in an earlier appeal, No. 03-1117, which was dismissed for lack of jurisdiction, because he presents no argument in support of those issues, we decline to review his earlier briefs in search of them. *Id.* at 1553.

## Conclusion

The district court properly granted defendant's motion for summary judgment. We have considered the balance of plaintiff's arguments and conclude they are without merit. We have reviewed plaintiff's submission entitled "Matters Pertaining to Appellant's Opening Brief," which we construe as a motion to accept his opening brief filed November 3, 2003, as timely filed in this case. Construed as such, the motion is GRANTED.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge

-15-