**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DONALD E. FYMBO,
Assignee of the Claims of
Class Representatives,

      Plaintiff-Appellant,

and

JAMES HOWE; LEE A. LINDSEY;
SANDRA KLINGER; GERRIT
WESTERVELT; LAWLOR T.
WESTERVELT, as Representatives
of a Class of All Other Similarly
Situated State Farm Insureds,

      Plaintiffs,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

      Defendant-Appellee.

No. 99-1305

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 98-WY-2078-WD)

Submitted on the briefs:

Donald E. Fymbo, pro se.

Michael S. McCarthy, Jeanne M. Coleman, and Christopher P. Beall, Faegre & Benson LLP, Denver, Colorado, for Defendant-Appellee.

---

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

---

**McKAY** , Circuit Judge.

---

Plaintiff Donald E. Fymbo, a public insurance adjuster appearing pro se, brought this class action suit against defendant State Farm Fire and Casualty Company on behalf of himself as assignee of certain State Farm insureds and on behalf of other similarly situated State Farm insureds. The magistrate judge recommended that the complaint be dismissed because Mr. Fymbo is not an attorney, his lack of competence was proven by his pleadings filed in the district court, and he was not an adequate representative for the putative class under Fed. R. Civ. P. 23(a)(4). See R. doc. 15. The district court adopted the magistrate judge's recommendation, dismissed the complaint, and imposed sanctions of $500.00 under Fed. R. Civ. P. 11(b). See R. docs. 20, 25. Mr. Fymbo appeals. We have jurisdiction under 28 U.S.C. § 1291. [1]

---

[1] After examining the briefs and appellate record, this panel has determined

-2-

Issues not raised in plaintiff's objections to the magistrate judge's recommendation are waived on appeal. See Smith v. Kitchen, 156 F.3d 1025, 1029 (10th Cir. 1997). Mr. Fymbo objected to the magistrate judge's determination that he was not an adequate class representative but not to the dismissal of his assigned claims. See R. doc. 16. Therefore, the only issue before this court is whether the district court erred in dismissing the complaint because Mr. Fymbo was not capable of representing the putative class. We review the dismissal of a complaint under Rule 12(b)(6) de novo. See Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997). We review the district court's finding that Mr. Fymbo is not an adequate class representative for abuse of discretion. See Pilots Against Illegal Dues v. Air Line Pilots Ass'n, 938 F.2d 1123, 1134 (10th Cir. 1991).

We do not hesitate to affirm the district court's decision that Mr. Fymbo cannot adequately represent the putative class. Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane,

[1](...continued)
unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Federal Practice and Procedure: Civil 2d § 1769.1 & n.12 (2d ed. 1986) (citing

cases for rule that "class representatives cannot appear pro se").  This is so

because the competence of a layman is "clearly too limited to allow him to risk

the rights of others."    Oxendine v. Williams   , 509 F.2d 1405, 1407 (4th Cir. 1975).

AFFIRMED.