**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOUGLAS E. HAYNES,

      Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

      Respondent.

No. 00-9503

(FAA Docket No. CP97NM0024)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

Petitioner Douglas E. Haynes seeks judicial review of the decision of the

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited
under the terms and conditions of 10th Cir. R. 36.3.

Federal Aviation Administration affirming assessment of a civil penalty for violation of federal aviation regulations. In re Blue Ridge Airlines, FAA Order No. 99-15, 1999 WL 1279832 (Dec. 22, 1999). We dismiss the appeal.

Respondent Federal Aviation Administration has filed a motion to dismiss, arguing (1) Haynes has improperly substituted himself as the party-in-interest; and (2) Haynes cannot represent Blue Ridge before this court because he is not an attorney.

As regards the second proposition, respondent is correct. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000). "Others" include corporations. See Devilliers v. Atlas Corp., 360 F.2d 292, 294 (10th Cir. 1966) ("[A] corporation can appear in a court of record only by an attorney at law."). Haynes cannot represent Blue Ridge.

Assuming, without deciding, that it was appropriate for Haynes to substitute himself as petitioner in this appeal, we further conclude that the relief he requests cannot be granted. In his appellate brief, Haynes requests that we find

> all three cases presented in [this] court over the last two years to be in violation of [his] rights protected by the Constitution, find the [judges] in violation of the abuse of their level of authority and dismiss the . . . cases . . . . Order a Stay on all charges and fines, make the FAA pay [him] back all the millions of dollars [he has] lost during the last 5 years from being grounded, harassed, and forced to take part in this, time consuming and expensive litigation process fighting three court cases.

Br. at 8. We have no jurisdiction to review the rulings he references or provide the

2

relief he seeks. Either the time period for seeking review of the challenged rulings has passed, or this court is not the proper forum to provide the appellate review he seeks. To the extent that Haynes' arguments can be understood, they appear to relate to why Haynes v. Federal Aviation Administration, No. 98-9549, 1999 WL 999734 (10th Cir. 1999), was wrongly decided, not to matters before the FAA in In re Blue Ridge. If it is Haynes' intention to seek appellate review of this court's prior ruling, his sole option was to file a timely petition for certiorari with the United States Supreme Court.

Respondent's motion to dismiss is GRANTED and this appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3