

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2006

# Lewis v. Trenton Pol Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4733

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lewis v. Trenton Pol Dept" (2006). *2006 Decisions*. Paper 1272.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1272

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4733

_____

MALVERN L. LEWIS,
Appellant

v.

CITY OF TRENTON POLICE DEPARTMENT; DOUGLAS PALMER, Mayor of
Trenton; JAMES GOLDEN, Police Director; JOHN P. SCHROEDER, Detective Trenton
Police Department; ATTORNEY GENERAL OF NEW JERSEY; DANIEL
GIAQUINTO, Mercer County's Prosecutor's Office; KIMBERLY LACKEN, Asst.
Prosecutor; KATHLEEN PATRUCCI, Asst. Prosecutor; THOMAS MEIDT; PETER
VENIERO, Attorney General; JOHN FARMER, Attorney General; DAVID SAMPSON,
Attorney General; PETER HARVEY, Attorney General; GERALD BOSWELL, Defense
Pool Attorney Mercer County P.D.; ANTHONY RADICE, Trenton Municipal Court
P.D.; EWING TOWNSHIP POLICE DEPARTMENT; JOHN DOE, Ewing Township
Police Chief; ALVIN BRIDGES, Mayor Ewing Township; JOSEPH SMITH, Sgt. Ewing
Township Police Department; RICHARD SMITH, PTLM. Ewing Township Police Dept.,
PAUL T. KOENIG, JR., J.S.C.; MARIA SYPEK, J.S.C.; TRENTONIAN NEWSPAPER,
INC.; TRENTON TIMES NEWSPAPER; LISA MEYER, Writer Trenton Times
Newspaper, Inc.; LINDA STEIN, Writer Trenton Times Newspaper, Inc.; MERCER
COUNTY SHERIFF'S OFFICE; SAMUEL PLUMERI, JR., Sheriff Mercer County; C.J.
WILLIAMS, Officer Mercer County Sheriff; NED SMITH, Capt. Detective Trenton
Police Department; MICHAEL SALVATORE, Lt. Trenton Police Department;
DOUGLAS RHINEHART, Juror; ALLEN HYMAN, Juror; VELDON HARRIS, Det.
Mercer County Prosecutor's Office; PETER WEREMIJENKO, Sgt. Trenton Police
Department; E. GONZALEZ, Sgt. Trenton Police Department; RICHARD OSVAI, Det.
Trenton Police Department; DOULAS MORELAND, PTLM. Trenton Police
Department; ROBERT O'HARE, PTLM. Trenton Police Department; M. GOYDAN,
Trenton Police Department; CHARLES A. DELEHEY; PAUL MEYER, Deputy Chief
Trenton Police Department; R. TRAMONTANA, Sgt. Trenton Police Department;
ALVIN R. CADLETT, Det. Trenton Police Department; JOHN P. GARKOWSKI, New
Jersey State Police; THOMAS KEYES, Det. New Jersey State Police; RAAFAT
AHMED, Dr. Office Mercer County Medical Examiner; DENNIS SCHUSTER, Det.
Trenton Police Department

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-03240)
District Judge: Garrett E. Brown, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 9, 2006

BEFORE: ROTH, FUENTES and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed:  April 12, 2006)
_____

OPINION
_____

PER CURIAM

On July 7, 2005, Malvern Lewis, a state prisoner proceeding <u>pro</u> <u>se</u>, filed the underlying complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey.  In his complaint, Lewis alleged that the defendants violated his constitutional rights during his 2000 arrest and 2003 trial for first-degree murder.  By order entered October 5, 2005, the District Court <u>sua</u> <u>sponte</u> dismissed Lewis' complaint pursuant to 28 U.S.C. § 1915(e)(2), finding his claims barred by either the applicable statute of limitations or <u>Heck v. Humphrey</u>, 512 U.S. 447 (1994).  This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.  Because Lewis has been granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal, this Court must dismiss his appeal if it is "frivolous."  28 U.S.C. § 1915(e)(2)(B).  A frivolous appeal has no arguable basis in law or fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  After a careful review of

the record, we will dismiss this appeal as frivolous because Lewis' claims lack an arguable basis in law or fact.

We agree with the District Court that, with the exception of his claims against the Trentonian, the Trenton Times, Lisa Meyer, and Linda Stein (collectively, "the newspaper defendants"), Lewis' claims are either untimely or barred by Heck.[1] Moreover, we have little difficulty concluding that Lewis' claims against the newspaper defendants were also subject to dismissal for frivolousness. Essential to an action under § 1983 are allegations that a person acting under color of state law engaged in conduct depriving a plaintiff of his constitutional rights. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Because the newspaper defendants are private parties and there is simply no indication that they acted under color of state law, the District Court did not err in dismissing Lewis' claims against them.

On appeal, Lewis argues that he is entitled to a class certification order. We need not consider this contention because Lewis raises it for the first time on appeal. See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994); Frank v. Colt Indus., Inc., 910 F.2d 90, 100 (3d Cir. 1990). In any event, Lewis, who is proceeding pro se, may not represent a putative class of prisoners. Flymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (concluding that non-attorneys proceeding pro se cannot

---

[1] Moreover, insofar as Lewis is attempting to challenge the fact or duration of his conviction or sentence, a petition pursuant to 28 U.S.C. § 2254 is the exclusive method for seeking relief. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).

adequately represent a class); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

Finally, we note that prior to dismissing Lewis' complaint pursuant to § 1915(e), the District Court did not grant him leave to amend or explicitly consider whether any amendment would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000). However, it is clear that any such amendment would indeed have been futile. <u>Grayson</u>, 293 F.3d at 108 (noting that amendment "must be permitted . . . unless it would be inequitable or futile").

Having found no merit to this appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). The request for a preliminary injunction is denied. <u>See</u>, <u>e.g.</u>, <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 484 (3d Cir. 2000) (to obtain a preliminary injunction a plaintiff must show both that he (1) is reasonably likely to succeed on the merits, and (2) will likely experience irreparable harm without the injunction).