

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2006

# Blue v. Def Logistics Agcy

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3585

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Blue v. Def Logistics Agcy" (2006). *2006 Decisions*. Paper 1048.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1048

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3585

BETTY J. BLUE,
Appellant

v.

DEFENSE LOGISTICS AGENCY,
DEFENSE PERSONNEL SUPPORT CTR.
DLA/DSCP

On appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 04-cv-2210)
District Judge: Honorable John P. Fullam, Sr.

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2006

BEFORE: McKEE, FUENTES and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: May 24, 2006)

OPINION OF THE COURT

PER CURIAM

     Betty J. Blue filed this Title VII employment discrimination action <u>pro se</u>, alleging

that her employer, Defense Logistics Agency / Defense Personnel Support Center ("DLA/

DPSC")[1], discriminated against her on the basis of her race and sex. At the time she filed her administrative complaint with the EEOC, Blue, who is African-American, was a Contract Specialist GS-11 and had worked for DLA/ DPSC for over twenty years. In her complaint, Blue alleges that she responded to a job announcement for a Contract Specialist GS-12 in March 1999, and that, despite her qualifications, she was not selected after her interview. Blue also seeks class certification to represent 500 African-American women employees of DLA/ DPSC occupying positions graded as GS-6 through GS-12.

The District Court granted Appellee's motion for summary judgment, holding that Blue had failed to establish a prima facie case of discrimination under Title VII, because she presented no evidence that non-class members in substantially similar situations were promoted. Blue filed a motion for reconsideration of that order, which the District Court denied. Blue timely filed this appeal from both of the District Court's orders, again proceeding pro se. In her brief on appeal, Blue raises four issues, which we will address in turn.

Blue first challenges the District Court's grant of summary judgment to Appellee. Our review of the District Court's grant of summary judgment is plenary, and we apply the same legal standard used by the District Court, viewing the evidence in the light most favorable to the non moving party and drawing all reasonable inferences in that party's favor. See Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir. 1999). After reviewing the

---

[1]DLA/ DPSC is a buying activity of the Department of Defense, which purchases clothing, medical supplies, food and other items for the United States' military world wide.

record, we agree with the District Court that Blue has not made out a prima facie case of discrimination and that Appellee thus was entitled to summary judgment.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ..." 42 U.S.C. § 2000e-2(a)(1). Title VII's protections were extended to federal government employees in 1972 by the passage of the Equal Employment Opportunity Act. Title VII is the exclusive remedy for federal employees bringing employment discrimination claims. Brown v. Gen. Services Admin., 425 U.S. 820 (1976). In order to show discrimination under Title VII, a plaintiff must first establish a prima facie case by a preponderance of the evidence. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). To establish a prima facie case for discriminatory non-promotion using indirect evidence, a plaintiff must show that she is a member of protected class; that she was qualified for, applied for, and rejected for a position; and that non-members of the protected class were treated more favorably. See McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); Bennun v. Rutgers State Univ., 941 F.2d 154, 170 (3d Cir. 1991) (internal citations omitted). If the employee plaintiff cannot make this showing, the employer is entitled to judgment as a matter of law. Pivirotto v. Innovative Systems, Inc., 191 F.3d 344, 352 n.4 (3d Cir. 1999).

We agree with the District Court that, although Blue fulfills the first two requirements for a prima facie case, as she is a member of a protected class and she was

not promoted to a position for which she was qualified, she has not provided sufficient facts to meet the third requirement of the test – that similarly situated non-class members were treated more favorably.[2]  Blue thus has failed to establish the required "causal nexus between [her] membership in a protected class and the decision not to [promote her]." See Santullo v. United States Postal Service, 352 F.3d 789, 798 (3d Cir. 2003).

In support of her summary judgment motion, Blue submitted excerpts from a presentation made at the NAACP Federal Sector Task Force Breakfast in October 1998, which included statistics related to the overall racial composition of the workforce at DLA/ DSCP in the 1990's.  Although statistical evidence can be used to prove employment discrimination, it is not irrefutable, and its usefulness "depends on all of the surrounding facts and circumstances."  Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 339-40 (1977).  In order to be useful in establishing a prima facie case, statistics must assist the plaintiff in proving discrimination in her particular case.  Krodel v. Young, 748 F.2d 701, 710 (D.C. Cir. 1984).

The statistical reports in Blue's pleadings do not refer to the particular Contract Specialist position she applied for in 1999.  Neither do they show the racial or gender composition of the applicant pool or the race or gender of the successful applicants for the position.  Blue's statistics are too general to be relevant or useful in establishing a prima

[2]Blue is not required to demonstrate that the position she sought was filled by a non-class member in order to establish a prima facie case  See Pivirotto, 191 F.3d at 352. See also O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 311-12 (1996). Therefore, contrary to Appellee's argument and the District Court's implication, Blue's statement that one of the selectees for the position was a "Black female," while not supportive of her claim, is not dispositive on the question of discrimination.

facie case of discrimination. See e.g., Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509, 542-43 (3d Cir. 1992) (statistical evidence too general to establish pretext); Molthan v. Temple Univ. of Com. System of Higher Educ., 778 F.2d 955, 963 (3d Cir. 1985) (same). In sum, Blue's evidence does not create an inference that her non-selection in 1999 was based on a discriminatory reason. See Teamsters, 431 U.S. at 358.

Blue's second challenge on appeal is to the District Court's denial of class certification. We review a decision granting or denying class certification for abuse of discretion. In re LifeUSA Holding Inc., 242 F.3d 136, 143 ( 3d Cir. 2001). An abuse of discretion is found if the District Court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." In re General Motors Corp. Pick Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 783 (3d Cir. 1995) (citations and quotations omitted). Although a court should be cautious in making a class certification decision based on its own impression of the merits of a case, some inquiry into the factual and legal issues underlying a plaintiff's cause of action is usually necessary. Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 166-67 (3d Cir. 2001).

Four prerequisites must be met to obtain certification of a class: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). A district court can only certify a class if *all four* requirements of Rule 23(a) are met. In re

Prudential Ins. Co. of America Sales Practices Litigation, 148 F.3d 283, 308-09 (3d Cir. 1998).

We agree with the District Court that Blue cannot fulfill the requirements of Rule 23(a). Even if we were to accept Blue's argument that the first three requirements (numerosity, commonality, and typicality) are met, as a pro se plaintiff, she cannot adequately represent the interests of other class members. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000). See also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others). We further note that, even if Blue were represented by an attorney, she would not "possess the same interests and suffer the same injury" as the class she purports to represent, because she, herself, has not made a prima facie showing of discrimination. See East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403-04 (1977). We agree with the District Court that it would be unfair to bind all of the potential class members to the outcome of Blue's case and, therefore, find no abuse of discretion in the District Court's denial of class certification.

Blue next challenges the District Court's amendment of the caption of her complaint by replacing "Defense Logistics Agency/ Defense Personnel Support Center" with "Secretary of the Department of Defense, Donald H. Rumsfeld," as the sole defendant. The relevant statutory provision governing Title VII suits against the federal government requires that "the head of the department, agency, or unit, as appropriate, shall be the defendant." See 42 U.S.C. §2000e-16(c). Blue argues that the caption change was erroneous, because her employer, Defense Logistics Agency, is the entity

which allegedly engaged in the discriminatory conduct.  Appellee argues that Donald Rumsfeld, as head of the Department of Defense, is the proper defendant.  On its face, the statute accommodates both parties' interpretations, as it allows for the head of a department (such as the Department of Defense) *or* agency (such as Defense Logistics Agency) to be named as the defendant.  We note that Blue's interpretation enjoys some support.  See e.g., Adams v. E.E.O.C., 932 F.Supp. 660, 664 n.3 (E.D.Pa. 1996) (Director of Defense Logistics Agency was the only proper defendant in a Title VII action); Williams v. McCausland, 791 F.Supp. 992, 997 (S.D.N.Y. 1992) (same).  We need not delve more deeply into this issue, however, as we conclude that the caption change was neither an abuse of discretion nor relevant to the outcome of Blue's case.

Blue also challenges the District Court's denial of her motion for reconsideration.  We review this order for abuse of discretion.  See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  See id.  The District Court properly denied Blue's motion.  We agree that, aside from her new argument that the cases cited by Appellee were invalid because they were "antiquated," Blue's motion did nothing more than restate her previous arguments.

Accordingly, we will affirm the judgment entered by the District Court.