Paul CAIN, Plaintiff–Appellant,

and

Ralph MAESTAS; Steven Pike; Matthew Cox; Frank Morrell; Alfredo Garcia; James Tabor; Wilfred Carbajal; Andrew Cuellar; Greg Schulz; Justin Espinosa; Efrain Hernandez; Sabino Calvillo; Gene Ellis; David Yazzie; Joshua Yazzie; Lamont Sellers, Plaintiffs,

v.

Captain ARAGON; E. Bravo, Warden; R. Ulibarri, Associate Warden; J. Johnson, Associate Warden; Geo Group, Inc.; Secretary of Corrections; Director of Adult Prisons; FNU Gallegos, Lieutenant; FNU Romo, Lieutenant; FNU Rael, Sergeant, FNU Rico, Lieutenant; FNU Roybal, Lieutenant; FNU Marquez, Mrs., Case Manager; FNU Roybal, Case Manager; FNU Swaggert, Case Manager; Sandra Dietz, Parole Director; Suzanna Martinez, Governor; County of Guadalupe; FNU Vigil, Lieutenant; M. Chavez, Formerly Mailroom Supervisor, now Commissary; M.J. Chavez; FNU Jaramillo, Ms., Records Supervisor; FNU Gold, Sergeant; FNU Campos, Sergeant; FNU Campos, Case Manager; Gary King, Attorney General, Defendants–Appellees.

No. 15–2118.

United States Court of Appeals, Tenth Circuit.

Jan. 25, 2016.

Paul Cain, Chaparral, NM, pro se.

Before KELLY, LUCERO, and McHUGH, Circuit Judges.*

---

**518**

## ORDER AND JUDGMENT<sup></sup> **

PAUL KELLY, JR., Circuit Judge.

Plaintiff–Appellant Paul Cain appeals from the district court's sua sponte dismissal of his civil rights complaint filed on his behalf and on behalf of sixteen prisoners incarcerated in Otero County Prison Facility in Chaparral, New Mexico. *Citizens of New Mexico v. Aragon*, No. 1:15–cv–00131–MCA–KK (D.N.M. July 15, 2015). Mr. Cain alleges that Defendant–Respondent Captain Aragon "threatened numerous inmates and caused four of those men to get a Major Disciplinary Report Rather than put their lives in Danger." 1 R. 11. He alleges that Captain Aragon and other Defendants conspired to place certain inmates in housing units where they had been harmed. *Id.* at 13. Relying upon 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), the district court denied the class certification motion, dismissed the claims of named Plaintiffs (other than Mr. Cain) without prejudice for lack of jurisdiction, and dismissed Mr. Cain's claims with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, Mr. Cain contends that the district court erred by (1) failing to give him an opportunity to amend the complaint, (2) failing to inform him of the deficiency before entering judgment, (3) misconstruing the complaint, (4) misconstruing the rules as applied, and (5) changing the caption without notice. Whether the dismissal is pursuant to § 1915(e)(2)(B)(ii) or Fed.R.Civ.P. 12(b)(6), we review a pro se complaint de novo and liberally and assess it for plausibility—whether the factual allegations support a legal claim for relief. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007).

We find no error here; the appeal is frivolous. Beginning with the class certification decision, which we review de novo, *see Trevizo v. Adams*, 455 F.3d 1155, 1160–61 (10th Cir.2006), we have declined to allow non-attorney pro se litigants to prosecute the claims of others. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000). Although as a general rule, a pro se party should be given leave to amend, a district court acts within its discretion where it is obvious that the pro se litigant cannot prevail based upon the facts alleged and amendment would be futile. *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir.2014).

Mr. Cain can only claim violations of his own constitutional rights. *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). We agree with the district court that he has not "state[d] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The gravamen of the action lies with the other inmates Mr. Cain cannot represent. On appeal, he advises that he was "denied protection" and "placed in disciplinary segregation multiple times," Aplt. Br. at 5, but this does not constitute sufficient factual background to move the individual claims from the conceivable to the plausible.

AFFIRMED. We DENY IFP status, remind Mr. Cain to make payment of the unpaid balance of the appellate filing fee, and deem this appeal a "strike" under 28 U.S.C. § 1915(g).

---

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.