FILED
United States Court of Appeals
Tenth Circuit

June 13, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PEDRO J. AMARO,

        Plaintiff - Appellant,

v.

STATE OF NEW MEXICO; SUSANA
MARTINEZ; BILL RICHARDSON,
former Governor for the State of New
Mexico; HECTOR H. BALDERAS,
Attorney General for the State of New
Mexico; GARY R. KING, former
Attorney General for New Mexico;
DEPARTMENT OF HEALTH AND
HUMAN SERVICES; NEW MEXICO
DEPARTMENT OF CORRECTIONS;
GREGG MARCANTEL; JOE
WILLIAMS, Secretary of Corrections;
JERRY ROARK, Director of Adult
Prisons; TIM LEMASTER, Deputy
Secretary of Operations; LARRY
PHILLIPS, NMCD
Grievance/Disciplinary Appeals;
JAMES R. BREWSTER, General
Counsel; ANGELA M. MARTINEZ,
Health Services Administrator; Y.
RIVERA, A.C.A.
Monitor/Administrator for New
Mexico; G. CHAVEZ; GEO GROUP,
INC., a corporation registered to do
business in New Mexico; JOE R.
WILLIAMS, employed by GEO
Group; FNU LNU, Wardens; FNU
LNU, Chief of Security; FNU LNU,
Grievance Lieutenants; CORIZON,
LLC, a foreign corporation registered
to do business in New Mexico; LISA

No. 17-2178
(D.C. No. 1:16-CV-00993-KG-JHR)
(D. N.M.)

STABER, M.D.; KATHY ARMIJO,
employed by Corizons as Health
Services; FNU LNU, John/Jane Does,

Defendants - Appellees.

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff Pedro Amaro, a state prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983 against numerous defendants, including the State of New Mexico, several state officials, the corporation that runs the private prison in which he is housed, the company that manages healthcare at this prison, and various individuals affiliated with the prison. He alleged that conditions in the prison in which he is housed, as well as other prisons operated by the same company, violate prisoners' Eighth Amendment rights because design flaws and

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

structural defects related to the ventilation system, boilers, and flues have caused several incidents of carbon-monoxide exposure and continue to place prisoners at risk of further such incidents. He alleged that he experienced "repetitive episodes of Carbon Monoxide exposure/poisoning," which occurred on December 28, 2012; January 4, 2013; January 19, 2013; January 21, 2013; and February 6, 2014. (R. at 24–25.) He further alleged that he "twice utilized the facility's 'Grievance' program under NMCD Policy/Procedure in an attempt to resolve this situation but all 'Grievances' were 'Denied' and/or remain unanswered/unresolved." (R. at 23.) Specifically, as the materials attached to the complaint showed, Plaintiff filed one grievance following the December 28, 2012 incident, and he pursued this grievance up until its final denial by the director of prisons on April 8, 2013. He allegedly filed a second grievance following the February 6, 2014 incident, but he obtained no relief from this grievance either. He filed this federal complaint on September 2, 2016, claiming negligence and a violation of his Eighth Amendment rights based on both the specific past incidents of carbon-monoxide exposure and the ongoing risk of future exposure. He also raised a due process claim relating to the way his grievances were handled by the prison system. In his prayer for relief, he sought declaratory relief, various forms of injunctive relief, and damages.

The district court *sua sponte* dismissed Plaintiff's complaint on several grounds. First, the court held that, to the extent Plaintiff sought relief for alleged

-3-

incidents at other prisons and for alleged injuries to other prisoners, his pro se complaint failed to state a claim on which relief could be granted. Second, the court held that the allegations of the complaint were insufficient to state a plausible § 1983 claim against any named individual defendant, since Plaintiff did not allege individual conduct or tie the acts of any particular individual to an alleged constitutional violation. Third, the court held that Plaintiff could not proceed against the State of New Mexico under § 1983 and his claims against the state officers in their official capacity were likewise barred as claims against the state. Finally, the court held that the complaint was also subject to dismissal because all of Plaintiff's claims were barred by the applicable statute of limitations. The court noted that the complaint had been filed less than three years after the February 6, 2014 incident. However, the court held that this incident still did not fall within the three-year statute of limitations for civil-rights claims because the court understood the complaint to be alleging not a separate incident of exposure on that date, but rather a flare-up of symptoms relating to the prior exposure. The court held the complaint was subject to immediate dismissal without leave to amend because amendment would be futile. The court also denied Plaintiff's motion for summary judgment and request for the appointment of counsel to represent him in this case.

We first consider Plaintiff's argument that the district court erred in denying his request for the appointment of counsel. We review this decision only

-4-

for an abuse of discretion.  *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  "In considering whether the court acted within its discretion, we consider the merits of the claims, the nature of the claims, [Plaintiff's] ability to present the claims, and the complexity of the issues."  *Id.*  The district court considered these factors and concluded that Plaintiff was capable of representing himself. After reviewing the record and Plaintiff's filings in this court, we see no abuse of discretion in this decision, and we thus affirm the district court's denial of Plaintiff's request for the appointment of counsel.

We turn then to Plaintiff's arguments that the district court erred in dismissing his complaint as time-barred and as failing to state a claim upon which relief could be granted.  We review both of these legal issues de novo.  *See Indus. Constructors v. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).

We begin by addressing the statute of limitations.  Civil-rights claims arising in New Mexico and brought under § 1983 are governed by a three-year statute of limitations.  *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014).  "A § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks omitted).  The statute of limitations is statutorily tolled while a New Mexico prisoner is pursuing mandatory grievance proceedings, but this tolling lasts only as long as the grievance process "'continue[s] in force.'"  *Roberts v. Barreras*, 484 F.3d 1236, 1243 (10th Cir.

-5-

2007) (quoting N.M. Stat. Ann. § 37-1-12). "A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle*, 435 F.3d at 1258 (internal quotation marks omitted).

Based on the complaint and attached documents, it is clear the statute of limitations for Plaintiff's claims relating to the December 2012 and January 2013 incidents accrued no later than April 2013, when Plaintiff received the final denial of his administrative grievance relating to this exposure. At that point, the "facts that would support a cause of action [we]re or should [have been] apparent," *id.*, and the statute of limitations was no longer being tolled by the grievance proceedings. Because Plaintiff did not file his complaint until September 2016, his claims relating to these earlier incidents are barred by the statute of limitations. Moreover, to the extent Plaintiff's due process claim is based on the 2013 grievance proceeding, it is clear from the face of the complaint that this claim likewise accrued in April 2013 and is thus time-barred. We affirm the dismissal of these claims based on the statute of limitations.

As for the February 2014 incident, however, we agree with Plaintiff that the district court failed to liberally construe the allegations in his complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991). It is possible to read the complaint in the way the district court read it, as alleging only a flare-up of

symptoms in February 2014 based on the December 2012 incident, but the more liberal—and more natural—reading of the complaint is to allege multiple individual incidents of carbon-monoxide exposure at the prison, including one incident in February 2014. Moreover, the allegations of the complaint indicate that the statute of limitations was tolled as to this claim by Plaintiff's pursuit of the mandatory grievance process. Since the complaint was filed in September 2016, well within the three-year statute of limitations for civil-rights claims, the district court erred in dismissing these claims—and any related due process claims based on the grievance proceedings—as time-barred. To the extent Plaintiff raised claims of negligence based on this incident that may have been governed by a two-year statute of limitations instead, the district court likewise erred in dismissing these claims as time-barred, since Plaintiff alleged that his grievance was pending until at least October 2014, and thus it was not "patently clear" from the face of his complaint that a two-year statute of limitations would bar these claims either. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).

Finally, we note that the district court failed to consider how the statute of limitations would apply to Plaintiff's claims for declaratory and injunctive relief, which are primarily based on Plaintiff's allegations that he is currently being subjected to an ongoing violation of his Eighth Amendment right to be free from unsafe prison conditions and that the Eighth Amendment requires the prison to protect him against future harm. *See Helling v. McKinney*, 509 U.S. 25, 33

(1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition. . . . It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them."). We decline to decide in the first instance how the statute of limitations would apply to these claims, and we thus will not affirm the dismissal of these claims on this basis on appeal.

We turn then to the question of whether these surviving claims—Plaintiff's claims relating to the February 2014 incident and the associated grievance process, as well as his claims for declaratory and injunctive relief—should be affirmed on the alternative basis given by the district court, for failure to state a plausible claim for relief.

We first hold that the district court did not err in dismissing Plaintiff's claims that were based on other prisons and other prisoners. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Plaintiff argues that this principle simply proves that an attorney should have been appointed to represent him and other potential class members; however, as previously explained, we see no abuse of discretion in the district court's decision not to appoint counsel, and we are not persuaded that Plaintiff's desire to pursue a class action either required appointment of an attorney or permitted him to litigate the claims of others. Plaintiff further argues he should

be permitted to seek injunctive relief relating to other prisons because there is a chance that he may be transferred to another prison that has the same unsafe conditions as his current one. However, the abstract possibility that he may be transferred to an unsafe prison in the future is insufficient to satisfy Article III's standing requirements. *See Rector v. City & Cty. of Denver*, 348 F.3d 935, 946 (10th Cir. 2003).

As for Plaintiff's claims against the individual defendants based on the alleged carbon-monoxide exposure in February 2014 and associated grievance proceedings, we agree with the district court that the complaint was not sufficiently specific as to how each individual defendant violated his constitutional rights to state a valid claim for relief under § 1983. In § 1983 cases involving a government agency and several government actors sued in their individual capacities, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Plaintiff's complaint "fails to isolate the allegedly unconstitutional acts of each defendant, and thereby does not provide adequate notice as to the nature of the claims against each." *Id.* However, given that these claims are not facially time-barred and that the complaint might be amended to include the required specificity, we conclude that

the district court erred in dismissing these claims without granting Plaintiff leave to amend. Thus, although the complaint as it currently stands is not sufficient to state a valid claim for relief under § 1983 against the individual defendants, we reverse and remand these non-time-barred claims with instructions that Plaintiff be granted an opportunity to amend his complaint.

We affirm the district court's dismissal of Plaintiff's claims against the State of New Mexico. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

As for Plaintiff's claims against state officials in their official capacities, however, the district court erred in holding that all such claims must likewise be barred based on the Supreme Court's opinion in *Will*. In *Will*, the Court held that a plaintiff could not obtain damages from a state official sued in his official capacity because "a suit against a state official in his or her official capacity is not against the official but rather is a suit against the official's office," and, "[a]s such, it is no different from a suit against the State itself." *Id.* at 61, 71. However, the Court expressly reaffirmed the validity of the *Ex parte Young* rule, which allows claims for prospective equitable relief to be brought against state officials in their official capacities. *See id.* at 71 n.10; *see also Ex parte Young*, 209 U.S. 123, 158–59 (1908). Thus, *Will* bars claims for retroactive relief that

are brought against state officials in their official capacities, but it does not bar requests for prospective relief that fall under the *Ex parte Young* rule. *See Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1519 n.1 (10th Cir. 1992). In determining whether *Ex parte Young* applies to a particular claim, we "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks and brackets omitted). If so, then the claim is not barred by sovereign immunity or the language of § 1983. *See id.*, *see also Will*, 491 U.S. at 71 n.10. Plaintiff's claims for injunctive and declaratory relief satisfy these criteria, and thus the court erred in dismissing them based on *Will*. We accordingly reverse the dismissal of Plaintiff's claims for injunctive and declaratory relief against the state officials in their official capacities.

Finally, we note that the district court did not address Plaintiff's claims against the private companies that manage the prison where he is incarcerated and the healthcare system of that prison. The only reason the district court gave for dismissing these claims was the statute of limitations. Thus, there is no alternative ground for affirming the dismissal of these claims in this appeal. We accordingly affirm the dismissal of the claims against these defendants that are based on the time-barred 2012 and 2013 incidents, but we otherwise reverse the dismissal of the claims against these defendants and remand them for further

proceedings before the district court.

Plaintiff also cursorily argues that the district court erred in denying his motion for summary judgment. We see no error in this decision. The defendants have not even been served yet, and this motion is clearly premature. Although we are reversing the dismissal of several of Plaintiff's claims for relief, we express no opinion as to the ultimate merit of these claims, nor do we express any opinion as to the possible existence of other procedural grounds for dismissal.

We **AFFIRM** the district court's denial of Plaintiff's motions for the appointment of an attorney and for summary judgment. We **AFFIRM** the dismissal of (1) all claims against the State of New Mexico; (2) any claims of damages suffered by other prisoners; (3) all requests for relief at prisons where Plaintiff was not and is not incarcerated; (4) all claims premised on the December 2012 or January 2013 incidents or the grievance process associated with those incidents; and (5) any claims for damages against state officials in their official capacities. We **AFFIRM** the district court's conclusion that Plaintiff's claims against the individual state officials and prison employees for the February 2014 incident and related grievance proceeding are not currently alleged with sufficient individual specificity to state a valid claim for relief under § 1983, but we **REVERSE** these claims with instructions for the district court to provide Plaintiff an opportunity to amend his complaint to remedy this deficiency. All other claims are **REVERSED** and **REMANDED** for further proceedings in accordance

-12-

with this opinion.  We **GRANT** Plaintiff's motion to proceed *in forma pauperis* on appeal but remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge