**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROBERT DAVIS,

     Plaintiff - Appellant,

v.

DEREK SCHMIDT, Attorney General for
the State of Kansas; JEFFREY EASTER,
Sheriff of Sedgwick County Kansas;
LAURA HOWARD, Secretary of the
Kansas Department for Aging and
Disability Services,

     Defendants - Appellees.

No. 21-3050
(D.C. No. 5:18-CV-03107-HLT-KGG)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MORITZ** and **ROSSMAN**, Circuit Judges.
_____

In this civil rights case, Robert Davis appeals pro se from a district court order that

granted Defendants' motions to dismiss and for judgment on the pleadings. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

While incarcerated at the Hutchinson Correctional Facility in Kansas, Davis was suspected of meeting the State's criteria for being a sexually violent predator (SVP), *see* Kan. Stat. Ann. § 59-29a02(a) (defining an SVP as "any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence and who has serious difficulty in controlling such person's dangerous behavior"). Consequently, upon his parole in December 2015, he was taken to the Sedgwick County Adult Detention Facility (SCADF) and held there pending a determination of whether he was "subject to commitment under the Kansas [SVP] act," *id.* § 59-29a05(a)(1).

During his detention at SCADF, Davis filed documents in the commitment proceedings and initiated separate state court actions challenging the constitutionality of Kansas's SVP statutes and seeking his release. He argued he "should not be housed as a criminal in a county jail, correctional facility, but in a hospital or other appropriate civilian housing." R., Vol. I at 119.

In April 2018, while Davis's commitment proceedings were ongoing, he filed this 42 U.S.C. § 1983 action in the federal district court against the Kansas Attorney General (Derek Schmidt), the Sheriff of Sedgwick County (Jeffrey Easter), and the Secretary of the Kansas Department for Aging and Disability Services (Timothy Keck).[1] He alleged

---

[1] Laura Howard subsequently replaced Keck as the Department's Secretary.

2

that being housed at SCADF while awaiting trial, rather than in a "civilian hospital" where he could receive treatment and "live as a civilian," violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process. R., Vol. I at 14. For relief, he sought (1) a declaration that Kansas's SVP Act is unconstitutional; (2) "repeal[ ]" of the Act; and (3) either the expungement of all SVPs' convictions or the commitment of all SVPs to a "civilian hospital or . . . facility with appropriate care and treatment." *Id.* at 16.

Secretary Keck moved to dismiss, arguing that because Davis had not yet been adjudicated an SVP, his department had no control over Davis's housing. The district court agreed and dismissed the Secretary from the lawsuit.[2]

In April 2020, Davis sought to file an amended § 1983 complaint against Attorney General Schmidt and Sheriff Easter in their individual and official capacities. He again complained of being housed at SCADF, but he listed his address as Larned State Hospital (LSH), Kansas's largest psychiatric facility. In an accompanying motion for leave to amend, Davis indicated he had not been housed at SCADF since March 2019. The

---

[2] In October 2018, as part of the state commitment proceedings, the Sedgwick County District Court concluded that Davis's constitutional challenges to his confinement at SCADF were "meritless." R., Vol. I at 366. And in May 2019, that court, in one of Davis's parallel state cases, noted he had been committed to a psychiatric hospital pursuant to a jury's December 2018 finding that he was an SVP. Consequently, the court determined that Davis's challenge to his SCADF confinement was moot. Further, the court ruled that Davis's challenge to the SVP Act's constitutionality was decided in the commitment proceedings and could not be relitigated, and that Davis could not assert the rights of other detainees awaiting an SVP adjudication. Thus, the Sedgwick County District Court dismissed Davis's parallel case.

district court denied leave to amend because the proposed amended complaint lacked

(1) facts describing Schmidt and Easter's involvement in a constitutional violation, and

(2) any request for relief.[3]

Attorney General Schmidt and Sheriff Easter then moved to dismiss Davis's

original complaint and for judgment on the pleadings, arguing, among other things, that

the case was moot because Davis was no longer housed at SCADF, and Davis could not

litigate claims on behalf of others subject to an SVP adjudication. The district court

granted the motions and dismissed Davis's claims. In doing so, the court first ruled it

lacked jurisdiction over Davis's claims because they were dependent upon him being

housed at SCADF and there was no reasonable expectation he would be housed there

again. Next, the court ruled that Davis could not advance claims belonging to other

potential litigants.

This appeal followed.

## DISCUSSION
### I. Standards of Review

"We review de novo a dismissal for lack of subject-matter jurisdiction pursuant to

Federal Rule of Civil Procedure 12(b)(1)." *Baker v. USD 229 Blue Valley*, 979 F.3d 866,

871 (10th Cir. 2020). And where, as here, the defendants have advanced a factual attack

---

[3] Although the court gave Davis the opportunity to submit a new motion to amend, together with a more complete pleading, Davis instead appealed to this court. That appeal was dismissed for failure to prosecute. In the current appeal, Davis does not assert the district court erred in denying amendment. Thus, any such argument is waived. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived.").

on the district court's jurisdiction (by presenting evidence of Davis's commitment to LSH), the district court has "wide discretion" to consider such evidence without converting the motion into one for summary judgment. *Id.* at 872 (internal quotation marks omitted).

Likewise, we review de novo a district court's grant of a motion for judgment on the pleadings, brought under Federal Rule of Civil Procedure 12(c). *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1302 (10th Cir. 2021). To withstand a Rule 12(c) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning there is enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1302-03 (internal quotation marks omitted).

We liberally construe Davis's pro se filings, but we do not "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II. Mootness

"The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (internal quotation marks omitted). The crux of Davis's case is his opposition to confinement at SCADF and his pursuit of "civilian housing" in a hospital, like LSH. *See* R., Vol. I at 14 (describing LSH as a preferable confinement location). Because Davis has been committed to LSH following

5

a jury's determination that he is an SVP, the controversy prompting this case no longer exists. *See Jordan*, 654 F.3d at 1027 (explaining that "[w]here the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, . . . a prisoner's transfer or release signals the end of the alleged deprivation of his constitutional rights," and "courts have routinely dismissed such penitentiary-specific conditions-of-confinement claims as moot" (brackets and internal quotation marks omitted)).

Although there is an exception to mootness if the case "is capable of repetition, yet evading review," that "exception . . . applies in those exceptional situations when (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Nathan M. ex rel. Amanda M. v. Harrison Sch. Dist. No. 2*, 942 F.3d 1034, 1040 (10th Cir. 2019) (brackets, citation, and internal quotation marks omitted). Davis does not address the applicability of this exception, so we do not consider it. *See id.* (stating that "the party asserting the exception . . . bears the burden of establishing that it applies").

Indeed, Davis's opening brief contains no mootness-related argument. Thus, he has waived the issue. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived.").[4]

---

[4] Although Davis challenges on appeal his SVP designation and his treatment as a criminal defendant, he alleged in the complaint only that his transfer from SCADF to a hospital was constitutionally mandated. He did not allege that his confinement at SCADF warranted monetary relief, and he did not challenge his SVP

6

We conclude the district court did not err in dismissing as moot Davis's claims seeking commitment in a hospital.

### III.  Asserting Claims on Behalf of Others

As a pro se litigant, Davis is not entitled to assert claims on behalf of others. *See* 28 U.S.C. § 1654 (providing that in federal court, "parties may plead and conduct *their own cases* personally or by counsel" (emphasis added)); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (noting that a pro se litigant "cannot adequately represent [a] putative class"); *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself* . . . does not create a coordinate right to litigate for *others*.").  The district court addressed Davis's representative claim under Fed. R. Civ. P. 12(c) and rejected it.  Davis does not argue the district court erred, and he has waived the issue.  *See Toevs*, 685 F.3d at 911.

### CONCLUSION

We affirm the district court's dismissal of Davis's claims.  We grant Davis's request to proceed on appeal in forma pauperis.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

designation.  A plaintiff waives theories asserted on appeal by "not . . . advanc[ing] [them], or allegations supporting [them], in the . . . Complaint."  *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1198 (10th Cir. 2018); *see, e.g.*, *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1299 (10th Cir. 2016) (holding that plaintiffs "waived [a] basis for . . . liability by omitting it from their complaint").

7