**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2436
_____

JEFFREY OLSON,
Appellant

v.

WARDEN SCHUYLKILL FCI; and
DIRECTOR FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civ. No. 1:21-cv-00387)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted for a Decision on the Issuance of a Certificate of Appealability or
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2022

Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: January 27, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Proceeding pro se, Jeffrey Olson and three other inmates filed a putative class petition for habeas relief under 28 U.S.C. § 2241.[1] Olson in essence claimed that FCI Schuylkill—his place of confinement—has failed to keep inmates safe from COVID-19, in violation of the Eighth Amendment. For relief, Olson primarily requested as follows: "immediate transfer of the most medically vulnerable individuals to home confinement or other appropriate settings[,] and immediate implementation for those who remain of the social[-]distancing and hyg[i]ene measures essential to lowering the risk of the disease and death." Pet. 2; see also id. at 47-50.[2]

The Magistrate Judge issued a thorough report recommending that no class be certified (given Olson's pro se status), and that Olson's individual habeas claims be rejected (on exhaustion, cognizability, and merits grounds). Over Olson's objections the District Court entered an order on July 21, 2021, adopting the Magistrate Judge's report and denying all relief. This timely appeal by Olson followed.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a); a certificate of appealability is not required for this appeal. See Reese v. Warden Phila. FDC, 904 F.3d

---

[1] As Olson is the sole appellant here, moving forward we will refer to only him in describing the claims raised and adjudicated.

[2] Last year, we issued a decision affirming the District Court's order denying Olson's motion for compassionate release. See United States v. Olson, 849 F. App'x 340, 341 (3d Cir. 2021) (per curiam). As indicated below, we do not consider Olson's habeas action to be duplicative of his motion for compassionate release in the sense that we would need to consider the preclusive effects of our prior decision.

244, 246 (3d Cir. 2018). Our review is de novo. See Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam).

For many of the reasons given in the Magistrate Judge's report, we agree with the District Court's disposition below. To complement the Magistrate Judge's analysis, we offer just a few points.

First, the District Court properly rejected Olson's attempt to certify a class of habeas petitioners. This Court and others have recognized that "*pro se* litigants are generally not appropriate as class representatives." Hagan v. Rogers, 570 F.3d 146, 158–59 (3d Cir. 2009); see also DeBrew v. Atwood, 792 F.3d 118, 132 (D.C. Cir. 2015); Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Oxendine v. Williams, 509 F.3d 1405, 1407 (4th Cir. 1975).[3] Notably, this is not a case in which a district court prematurely denies class certification before adjudicating a pro se litigant's pending motion for appointment of counsel; Olson filed no such motion on the District Court's docket. Cf. Hagan, 570 F.3d at 159.[4]

---

[3] In part to counter that case law, Olson references class actions arising out of FCI Lompoc and FCI Danbury. Those cases, however, have been litigated by counsel. See, e.g., Torres v. Milusnic, 472 F. Supp. 3d 713, 718 (C.D. Cal. 2020); Martinez-Brooks v. Easter, 459 F. Supp. 3d 411, 414 (D. Conn. 2020). Equally unavailing is Olson's reliance on United States Parole Commission v. Geraghty, 445 U.S. 388 (1980), as the inmates in that case, too, were represented by counsel, see Geraghty v. U.S. Parole Comm'n, 579 F.2d 238, 252 (3d Cir. 1978). Perhaps Olson cites Geraghty to instead argue more broadly that inmate class actions are legally permissible. But that point is irrelevant to the District Court's decision and undisputed, in any event.

[4] In his objections to the Magistrate Judge's report, Olson referenced a counsel motion that was filed in the case of a *different* inmate.

Next, on the issue of exhaustion, we observe that federal prisoners must avail themselves of available administrative remedies before they may pursue relief in court under § 2241. See Moscato v. BOP, 98 F.3d 757, 760 (3d Cir. 1996); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241"). In its habeas opposition, the Government argued that Olson failed to complete the multistep institutional review process. Olson responded in conclusory fashion that exhaustion would be futile given the amount of time it takes to secure review. The Magistrate Judge agreed with the Government and determined that certain of Olson's claims are inexcusably unexhausted and thus procedurally defaulted. Olson does not contest the exhaustion determination on appeal, and we discern no error in it regardless.

Finally, we touch on Olson's request for transfer to home confinement. The Magistrate Judge interpreted that request as an attempt by Olson to use § 2241 as an end-run around the compassionate release statute (18 U.S.C. § 3582(c)(1)(A)) and the federal CARES Act, which vests in the Director of the Bureau of Prisons discretion to transfer an inmate to home confinement. See, e.g., 18 U.S.C. § 3624(c)(2); CARES Act, Pub. L. 116-136, Mar. 27, 2020, 134 Stat. 281, Div. B, Title II, § 12003(b)(2). We agree with the Magistrate Judge that such a maneuver would be impermissible. See Wilson v. Williams, 961 F.3d 829, 838 (6th Cir. 2020) ("A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress."). But we are of the view that Olson is instead seeking release as redress for allegedly Eighth Amendment-violative conditions of confinement

4

solely through the mechanism of § 2241. The District Court thus possessed habeas jurisdiction, see Hope v. Warden York Cnty. Prison, 972 F.3d 310, 325 (3d Cir. 2020), and had the authority to order a change in Olson's custody *if* there was a valid basis to do so, cf. Johnston v. Marsh, 227 F.2d 528, 529-30 (3d Cir. 1955). As the Magistrate Judge rightly determined, though, Olson's Eighth Amendment claims lack merit because he failed to identify conduct rising to the level of deliberate indifference by his jailors, see Hope, 972 F.3d at 329.

Accordingly, for the reasons given above, the District Court's July 21, 2021 order will be affirmed. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).