FILED
United States Court of Appeals
Tenth Circuit

July 11, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PEDRO J. "PETE" AMARO,

      Petitioner - Appellant,

v.

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO; R.C.
SMITH, Warden,

      Respondents - Appellees.

No. 19-2064
(D.C. No. 1:17-CV-00898-WJ-LF)
(D. New Mexico)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.

Mr. Pedro Amaro, proceeding pro se,[1] seeks a certificate of appealability ("COA")

to appeal the district court's denial of his petition for a writ of habeas corpus under

§ 2254 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We deny a

COA and dismiss his appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Amaro is pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I. BACKGROUND

Mr. Amaro was convicted of various crimes in New Mexico state court. After an appeal to the New Mexico Supreme Court, his conviction became final in November 2005. Other than filing two motions for records and transcripts from the state criminal proceedings, Mr. Amaro took no action to challenge his conviction until he filed a state post-conviction petition in April 2015. That petition was denied later that same month, and his petition for a writ of certiorari to the New Mexico Supreme Court was denied in 2017. In August 2017, Mr. Amaro filed a § 2254 petition in federal court.

Mr. Amaro styled his petition as a class action habeas petition, "collaterally attack[ing]" all convictions issued in the "Ninth Judicial District" of New Mexico from "'1979' to approximately 2012/2013." R. at 5. Specifically, he alleged that the convictions "were/are void" due to, among other things, prosecutorial misconduct, judicial misconduct and bias, miscarriage of justice, and ineffective assistance of counsel. R. at 5, 13 (emphasis omitted). The district court dismissed Mr. Amaro's class claims because "a pro se litigant cannot represented or act on behalf of others," R. at 203 (emphasis omitted), and ordered Mr. Amaro show cause "why his § 2254 petition should not be dismissed as untimely," R. at 205. After receiving Mr. Amaro's response, the district court dismissed his petition as untimely and denied him a COA. Mr. Amaro filed a motion to reconsider, but that too was denied.

Mr. Amaro timely appealed and now seeks a COA.

2

## II.    ANALYSIS

Mr. Amaro argues that both the district court's rulings—dismissing his class claims because he is proceeding pro se and dismissing his individual claims and § 2254 petition as untimely—are wrong. But before reaching the merits of Mr. Amaro's arguments, we must first address the threshold question of our own jurisdiction. Because the district court denied a COA, we lack jurisdiction over Mr. Amaro's appeal unless we issue a COA of our own. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When, as here, "the district court denies a habeas petition on procedural grounds," the petitioner may obtain a COA by "show[ing], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Amaro cannot satisfy this standard.

### A.  *Class Claims*

Mr. Amaro claims the "district court erred and violated [his] due process" rights when it "dismiss[ed] the class action claims . . . on grounds that a pro se litigant cannot represent or act on behalf of others." Pet'r's Br. at 16 (quotation omitted). But Mr. Amaro bases his argument on the rules that govern AEDPA, not on due process. He contends that "Habeas Rule 2(e) clearly allows an individual, advocate, and/or advocacy organization to submit a habeas petition on behalf of a person or person whose [r]ights have been denied." *Id.* But Rule 2(e) says no such thing. Rather, it says only that a "petitioner who seeks relief from judgments of more than one state court must file a

3

separate petition covering the judgment or judgments of each court." 28 U.S.C. § 2254, Rule 2(e). Nevertheless, the habeas rules are relevant here. Rule 12 provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." 28 U.S.C. § 2254, Rule 12. So the question is whether Federal Rule of Civil Procedure 23, which governs class actions in federal court, permits Mr. Amaro to bring these class action claims. The district court held it did not.

"One or more members of a class may sue . . . as representative parties on behalf of all members only if . . . the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). We have read this rule to exclude pro se class representatives: "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). "This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id.* (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Because Mr. Amaro is proceeding pro se, he cannot adequately represent the interests of the putative class. Rule 23 thus forecloses him from bringing an action on the class's behalf. The district court held as much, and that holding is beyond debate.

## B. *Timeliness*

We now turn to Mr. Amaro's individual claims. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Relevant here, the one-year

4

limitation period "run[s] from the latest of . . . the date on which the judgment became final," or the date on which "the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(A), (D).

Although Mr. Amaro's conviction became final in November 2005, he argues his petition was still timely because "the underlying cause of action [for Mr. Amaro's] stated claims [was] not discoverable" until the Supreme Court of New Mexico issued its decision in *De Leon v. Harley*, 316 P.3d 896 (N.M. 2013). Pet'r's Br. at 23. There the court held that an indictment must be quashed where a district attorney, rather than the trial judge, was permitted to excuse grand jurors. *De Leon*, 316 P.3d at 901. This argument is unavailing.

As the district court noted, § 2244(d)(1)(D) tolls the limitation period until "the date on which the *factual* predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). The factual predicate of any claim of "irregularities in the grand jury process" that Mr. Amaro might bring could have been discovered as early as when Mr. Amaro was indicted. *See De Leon*, 316 P.3d at 901. *De Leon* provided the *legal*, not factual, basis for Mr. Amaro's claim. Section 2244(d)(1) does provide tolling for new legal rules but only does so for legal rules recognized by the *United States* Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(C) (permitting tolling until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

5

Mr. Amaro makes one final timeliness argument: actual innocence. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding" the one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *see also Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). But this exception applies only in the "extraordinary case," *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010), where the petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Only when a petitioner "support[s] his allegations of constitutional error with new reliable evidence . . . that was not presented at trial" will he "be allowed to pass through the gateway [of timeliness] and argue the merits of his underlying claims." *Id.* at 316, 324.

Before the district court, Mr. Amaro attempted to "support[] his actual innocence claim" by addressing the "legal sufficiency of his convictions," but he offered no new evidence that was not "presented to the jury." R. at 314. Mr. Amaro does no better on appeal. Although he makes a number of disturbing allegations, all of them address the legal issues or are facts known at the time of trial. These allegations do not establish Mr. Amaro's actual innocence.

No fairminded jurist could disagree with, let alone debate, the district court's determination that Mr. Amaro's § 2254 petition was untimely.

### III.   CONCLUSION

For the reasons stated, we deny Mr. Amaro a COA and dismiss his appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge