**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HAROLD CUNNINGHAM,

     Plaintiff - Appellant,

and

PERCY BARRON; ALPHONSO BLAKE;
JABBAR CURRENCE; CARLTON
DUNBAR; SCOTT FOUNTAIN; SEAN
GILLESPIE; CHARLES HIPPS; RONNIE
HOUSTON; JOHN LAMB; HERBERT
PERKINS; JOHN J. POWERS; ARNELL
SHELTON; MARCELLUS
WASHINGTON; CENTER FOR LEGAL
ADVOCACY, d/b/a Disability Law
Colorado,

     Plaintiffs - Appellees,

v.

FEDERAL BUREAU OF PRISONS,

     Defendant - Appellee.

No. 17-1054
(D.C. No. 1:12-CV-01570-RPM-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Harold Cunningham, proceeding pro se, appeals the judgment approving the settlement of a class action brought by mentally ill prisoners housed in the federal administrative-maximum facility in Florence, Colorado (ADX). He argues that the settlement was not fair, reasonable, or adequate because it did not provide for money damages. He has requested leave to proceed in forma pauperis (IFP) on appeal. We grant IFP and affirm.

## I.      Background

We provide a brief description of the background to frame the issues presented for review. In 2012 counsel for several ADX prisoners filed the underlying action alleging that they were denied required mental-health treatment and were so abused by prison personnel that the conditions of their confinement constituted cruel and unusual punishment in violation of the Eighth Amendment. In 2015 counsel submitted a second amended complaint, the operative complaint in the case, seeking class certification for ADX inmates needing mental-health evaluation and treatment. A federal magistrate judge facilitated discovery and settlement negotiations. In November 2016 the plaintiffs filed a proposed settlement agreement setting out the terms of a settlement, including required policies and procedures for diagnosis and treatment of ADX prisoners. The district court held a three-day fairness hearing under Fed. R. Civ. P. 23(a). Several ADX prisoners testified by videotape and others submitted written statements.

The district court noted that the defendant Federal Bureau of Prisons (BOP) "has not admitted an Eighth Amendment violation as to any of the plaintiffs or a systemic violation at ADX." R. Vol. 1, at 367. Rather, the BOP agreed to the settlement because it recognized the need for new policies and practices for mentally ill inmates at ADX. The court observed that although the case was triable, "[t]he complexities of such a trial are evident. That is a principal reason for the settlement of this action." *Id.* And it pointed out that the settlement could not be relied on in an individual claim against a BOP official or employee brought in a separate *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

The district court acknowledged that some of the prisoners objected to the settlement because it did not provide for any awards of money damages. But it noted (1) that the operative complaint did not include claims for damages because damage awards against the BOP are barred by sovereign immunity; (2) that even if prisoners had claims for medical negligence under the Federal Tort Claims Act, those claims were not appropriate in a class action because they would not meet the class-action requirements in Rule 23(a) of commonality and typicality; and (3) that any inmate may still pursue an independent *Bivens* action. The court approved the settlement agreement and later dismissed the action subject to retention of jurisdiction to enforce the agreement.

## II.    Discussion

We review the district court's approval of the settlement for abuse of discretion. *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1174–75 (10th Cir. 2016). "A district court may approve a proposed settlement only after 'finding that it is fair, reasonable, and adequate.'" *Id.* at 1174 (quoting Fed. R. Civ. P. 23(e)(2)).

We liberally view Mr. Cunningham's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

Mr. Cunningham first claims that during a hearing in November 2013 the attorney for the class and the magistrate judge agreed to set up a trust fund for payment of money awards to certain prisoners, yet the attorney improperly failed to set it up.[1] But he does not cite to any record evidence for this claim. *See* Fed. R. App. P. 28(a)(8)(A) (stating appellant's brief must contain, among other things, citations to the "parts of the record on which the appellant relies"). And what we do have in the record does not support the claim. The attorney for the class discussed this matter during the fairness hearing, informing the court that "there was

---

[1] To the extent Mr. Cunningham attempts to represent the interests of other prisoners, a pro se litigant may not represent other pro se litigants in federal court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

4

a discussion of whether there was a way to divert or to set aside an attorney fee award to create some kind of a compensation pool, . . . [but] the government declined to consent to that compensation idea." Aplee. Supp. App. Vol. 9, at 2125-26. It is undisputed that monetary compensation for inmates was not included in the final settlement agreement approved by the court.

Mr. Cunningham also raises an argument based on his proposed pro se Third Amended Complaint seeking money damages. The district court struck the Third Amended Complaint because (1) it attempted to bring individual damages claims in the class action, (2) Mr. Cunningham was represented by class counsel so the court could not accept pro se filings, and (3) acceptance of an amended complaint would supersede the prior operative class complaint. Mr. Cunningham filed a motion to reconsider. He contends that the BOP's failure to respond to the motion to reconsider is a concession that the BOP violated his Eighth Amendment rights. Contrary to his characterization of the proceedings, however, the BOP responded to the motion to reconsider. And although the district court did not formally rule on the motion, the court implicitly denied it by dismissing the case. *See Fransen v. Conoco, Inc.*, 64 F.3d 1481, 1489 n.6 (10th Cir. 1995) (district court implicitly denied plaintiff's claim by ruling on defendant's summary-judgment motion).

Mr. Cunningham next asserts that the settlement agreement should be voided because BOP officials retaliated against him for refusing to agree to the settlement. But he does not identify where he raised a retaliation claim in the district court and he does not argue for the application of plain-error review on appeal. Therefore, the

5

retaliation claim is waived. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011). Even though we do not consider his retaliation claim in this appeal, we note that the settlement order does not foreclose Mr. Cunningham from bringing a separate action for retaliation.

Mr. Cunningham also asserts that he was denied his First Amendment right to testify in opposition to the settlement at the fairness hearing. Again, he has not shown where he raised this claim in the district court or argued for plain-error review, so this claim is waived. *See id.* And we note that he was afforded adequate notice and an opportunity to be heard. Mr. Cunningham filed pleadings stating his objections. And the district court recognized the objection of some of the class members that the settlement did not provide for money damages. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187 (10th Cir. 2002) (noting as to objections to class-action settlement that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner" (internal quotation marks omitted)).

Mr. Cunningham argues that an award of money damages was contemplated by the operative complaint because the relief requested included "such other relief as th[e] Court deems just and proper," Aplee. Supp. App. Vol. 8, at 1870. Perhaps so. But even if the complaint had explicitly sought money damages, that would not affect the validity of the ultimate settlement. A settlement is not unfair simply because it does not provide all relief originally sought.

6

Finally, Mr. Cunningham maintains that he is entitled to an award of attorney fees for acting as the lead plaintiff and helping to put the case together. The fees payable to the attorneys for the class were authorized under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. But "attorney fees are not available for pro se litigants under the EAJA." *Demarest v. Manspeaker*, 948 F.2d 655, 655 (10th Cir. 1991).

## III.   Pending Motions

Mr. Cunningham's requests for appointment of counsel and an evidentiary hearing in this appeal are denied, as are his requests "for production of document transcribed" and an award of money damages. His application to proceed IFP is granted; but he remains obligated to pay all filing and docketing fees.

## IV.   Conclusion

The judgment is affirmed.

Entered for the Court

Harris L Hartz
Circuit Judge

7