**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL BACOTE, JR.,

    Plaintiff - Appellant,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant - Appellee.

------------------------------

DISABILITY LAW COLORADO;
AMERICAN CIVIL LIBERTIES UNION;
AMERICAN CIVIL LIBERTIES UNION
OF COLORADO; THE ARC OF THE
UNITED STATES; BAZELON CENTER
FOR MENTAL HEALTH LAW; CIVIL
RIGHTS EDUCATION AND
ENFORCEMENT CENTER;
COLORADO CROSS-DISABILITY
COALITION; DISABILITY RIGHTS
ADVOCATES; DISABILITY RIGHTS
EDUCATION AND DEFENSE FUND;
NATIONAL ASSOCIATION OF THE
DEAF; NATIONAL DISABILITY
RIGHTS NETWORK; NATIONAL
FEDERATION OF THE BLIND,

    Amici Curiae.

No. 22-1325

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:17-CV-03111-RM-NRN)**
_____

Kaitlynn Tuohy (Student Attorney), University of Denver Sturm College of Law Civil Rights Clinic, Denver, Colorado (Danielle DeSantis (Student Attorney), Aurora L. Randolph, Kayley Rettberg (Student Attorney), Laura Rovner, Robert Vanneste (Student Attorney), University of Denver Sturm College of Law Civil Rights Clinic, Denver, Colorado; Darold Killmer, Killmer, Lane & Newman, LLP, Denver, Colorado; Annika K. Adams, Zachary D. Warren, Highlands Law Firm, LLC, Denver, Colorado; with her on the briefs) for Plaintiff-Appellant Michael Bacote, Jr.

Kyle Brenton, Assistant United States Attorney, Denver, Colorado (Cole Finegan, United States Attorney, Denver, Colorado, with him on the brief) for Defendant-Appellee Federal Bureau of Prisons.

Amy Farr Roberson, Fox & Robertson, PC, Denver, Colorado, filed an Amici Curiae brief in support of Plaintiff-Appellant.

_____

Before **HARTZ**, **PHILLIPS**, and **CARSON**, Circuit Judges.

_____

**CARSON**, Circuit Judge.

_____

If a plaintiff requests injunctive or declaratory relief too attenuated from the controversy, prudence counsels us to dismiss the appeal. Accordingly, inmates may seek injunctive or declaratory relief from the conditions of their confinement. But if the inmate receives a transfer to a different prison during the litigation, we may hold his appeal prudentially moot.

Defendant Federal Bureau of Prisons incarcerated Plaintiff Michael Bacote, Jr. in an administrative maximum facility. Plaintiff filed a claim for injunctive and declaratory relief, but after the district court dismissed Plaintiff's claims and entered judgment for Defendant, Defendant voluntarily transferred Plaintiff to a mental health ward in a different penitentiary. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as prudentially moot.

2

I.

While incarcerated, Plaintiff served as a lookout during the murder of another inmate. For this act, Plaintiff pleaded guilty to second-degree murder, accepting a twenty-eight-year prison sentence. Following his conviction, Defendant transferred Plaintiff to the United States Penitentiary, Administrative Maximum Facility in Florence, Colorado ("ADX-Florence").

Based on his appreciable history of mental illness, Plaintiff filed this action, seeking injunctive and declaratory relief from the conditions of his confinement at ADX-Florence. The district court held that Plaintiff had released most of his claims as part of a class action settlement by mentally disabled plaintiffs at ADX-Florence—a suit in which Plaintiff had once been the named plaintiff. Accordingly, the district court dismissed all except one of Plaintiff's claims and denied Plaintiff's request to file a fifth amended complaint.

Plaintiff therefore proceeded on a solitary claim, arguing that Defendant had violated his Eighth Amendment rights by acting with deliberate indifference to his mental disability. To further this claim, Plaintiff retained a forensic psychiatrist who concluded that Plaintiff suffered from an intellectual disability and Major Depressive Disorder. Having reviewed Plaintiff's psychiatrist's report, Defendant's psychology staff examined Plaintiff themselves and concluded that Plaintiff suffered from an intellectual disability and Persistent Depressive Disorder. Plaintiff's diagnoses triggered the Federal Bureau of Prisons' Program Statement 5310.16, which forbids

Defendant to incarcerate inmates with Persistent Depressive Disorders in ADX-Florence.[1]  Accordingly, Defendant transferred Plaintiff from ADX-Florence to the mental health unit at the United States Penitentiary in Allenwood, Pennsylvania ("USP-Allenwood").

Based on Plaintiff's diagnoses, the district court determined that Plaintiff had an intellectual disability, depressive disorder, and suffered from serious mental illness.  But before Defendant transferred Plaintiff to USP-Allenwood, the district court dismissed Plaintiff's Eighth Amendment claim, holding that Plaintiff had failed to establish that Defendant was deliberately indifferent to Plaintiff's disability.  Because this was Plaintiff's only remaining claim, the district court also entered judgment in Defendant's favor.

Plaintiff presents three issues for appeal.  Plaintiff claims the district court erred by: (1) determining the class action settlement released his claims; (2) denying him leave to amend his complaint; and (3) entering judgment for Defendant.

II.

---

[1] A Federal Bureau of Prisons "program statement is 'an interpretative statement of position circulated within [the] agency that serves to provide administrative guidance in applying a then existing published rule.'"  Hunnicutt v. Hawk, 229 F.3d 997, 999 n.2 (10th Cir. 2000) (alteration in original) (citing Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999)).  Program statements are "merely internal guidelines [that] may be altered by the Bureau at will."  Jacks v. Crabtree, 114 F.3d 983, 985 n.1 (9th Cir. 1997) (alteration in original) (quoting Koray v. Sizer, 21 F.3d 558, 562 (3rd Cir. 1994), rev'd on other grounds by Reno v. Koray, 515 U.S. 50 (1995)).

We hold this appeal moot because Defendant no longer incarcerates Plaintiff at ADX-Florence. So we do not reach any of the issues Plaintiff raises on appeal.

The doctrine of mootness rests on a simple principle: the controversy that existed at litigation's commencement may dissipate before its conclusion. United States v. Juvenile Male, 564 U.S. 932, 936 (2011). We recognize two types of mootness: constitutional and prudential. Rio Grande Silvery Minnow v. Bureau of Reclamation, 601 F.3d 1096, 1121 (10th Cir. 2010). Constitutional mootness stems from Article III's requirement that federal courts only adjudicate "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1; see also Fletcher v. United States, 116 F.3d 1315, 1321 (10th Cir. 1997) (citing In re Texas Int'l Corp., 974 F.2d 1246, 1247 (10th Cir. 1992)). A case becomes constitutionally moot if it ceases to "present a real and substantial controversy with respect to which specific relief may be fashioned." Fletcher, 116 F.3d at 1321 (citing Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). In a suit for declaratory or injunctive relief, we may hold the case moot despite "[p]ast exposure to illegal conduct" if the plaintiff does not show "continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974).

Following our precedent, we hold that this appeal is not constitutionally moot. As we explained in Jordan v. Sosa, 654 F.3d 1012, 1029–30 (10th Cir. 2011), if a plaintiff sues the Federal Bureau of Prisons—rather than an individual facility or officer—the case does not become constitutionally moot if the Bureau transfers the plaintiff-inmate to a new facility. In such cases, the potential for prospective relief

5

exceeds the threshold of constitutional mootness.  Id.  So Plaintiff escapes

constitutional mootness because he sues the Bureau generally.

Still, even if a case survives our constitutional inquiry, we may dismiss it

under the doctrine of prudential mootness.[2] Rio Grande Silvery Minnow, 601 F.3d at

1121 (quoting Fletcher, 116 F.3d at 1321).  Prudential mootness concerns "not the

power to grant relief but the court's discretion in the exercise of that power."

Chamber of Com. v. U.S. Dep't of Energy, 627 F.2d 289, 291 (D.C. Cir. 1980).

Under the Supreme Court's original formulation of this doctrine, the movant must

persuade the court that a "cognizable danger of recurrent violation" exists, beyond a

"mere possibility."  Bldg. & Constr. Dep't, 7 F.3d at 1492 (quoting United States v.

W.T. Grant Co., 345 U.S. 629, 633 (1953)).  Under this doctrine, if the circumstances

of a controversy become too attenuated, prudence counsels us not to reach the merits

of the appeal.  Id. at 1491–92 (quoting Chamber of Com., 627 F.2d at 291).  We will

hold a suit prudentially moot if the "circumstances [have] changed since the

beginning of litigation that forestall any occasion for meaningful relief."  S. Utah

Wilderness All. v. Smith, 110 F.3d 724, 727–28 (10th Cir. 1997) (citing 13A Charles

A. Wright et al., Federal Practice and Procedure § 3533.3 (2d ed. 1984)).  Although

Plaintiff's claims survive our constitutional-mootness examination, we hold

Plaintiff's claims prudentially moot.  Plaintiff failed to demonstrate a cognizable

---

[2] We exercise prudential mootness only if a plaintiff seeks injunctive or declaratory relief.  Bldg. & Constr. Dep't v. Rockwell Int'l Corp., 7 F.3d 1487, 1492 (10th Cir. 1993).

danger of recurrent violation beyond a mere possibility, see W.T. Grant Co., 345 U.S. at 633, and prudential considerations encourage us to stay our hand, see Bldg. & Constr. Dep't, 7 F.3d at 1491–92 (quoting Chamber of Com., 627 F.2d at 291).

Four considerations inform our decision.[3]  First, Defendant no longer subjects Plaintiff to the specific conditions from which Plaintiff seeks relief.  In each of his complaints, Plaintiff asked the district court for relief from various aspects of his incarceration at ADX-Florence.  But because the location—and therefore conditions—of Plaintiff's confinement have changed, Plaintiff has not yet asked any district court to relieve him from his current conditions.  As we held in Jordan, if a plaintiff requests relief which "applies to [a plaintiff's] current penal placement," a subsequent facility transfer encourages us to hold the request prudentially moot. 654 F.3d at 1034.  Because the district court lacked the opportunity to either grant or deny this relief, we cannot prudently do so.

Second, Plaintiff asks us to issue judgment without any information about his current conditions of confinement.[4]  From what conditions would our judgment provide Plaintiff relief?  Which qualities of Plaintiff's current incapacitation should

---

[3] Although sufficient here, these considerations are not necessary: different—or fewer—prudential considerations may guide our judgment in future cases.

[4] We deny Plaintiff's Motion to Supplement the Record on Appeal.  Although we have "inherent equitable power to supplement the record on appeal," United States v. Kennedy, 225 F.3d 1187, 1192 (10th Cir. 2000) (citing Ross v. Kemp, 785 F.2d 1467, 1474–75 (11th Cir. 1986)), we can exercise this power "only to the extent it is necessary to 'truly disclose[] what occurred in the district court,'" Id. at 1191 (alteration in original) (quoting Fed. R. App. P. 10(e)(1)).  Because Plaintiff's Motion does not concern the district court proceedings, it is more akin to "a license to build a new record." Id.  So we deny the motion in accordance with our precedent.  Id.

we hold improper?  We do not know the answers to these questions because Plaintiff

has not provided them in a complaint.  Instead, Plaintiff invites us to make judgments

based on conjecture and speculation.  As in Jordan, we will likely hold an appeal

prudentially moot if the plaintiff presents little "information regarding [the

plaintiff's] current conditions of confinement."  Id. at 1033.  Neither Plaintiff's

complaints nor the district court's findings supply a factual basis by which we can

evaluate Plaintiff's current conditions of confinement, rendering us underinformed

about the matter Plaintiff asks us to resolve.

Third, the record encourages us to hold Plaintiff's case moot.  As part of

Defendant's settlement with the class action of mentally disabled ADX-Florence

inmates, Defendant assured the class that it would move the class members from

ADX-Florence to USP-Allenwood's mental health unit—where Defendant now

incarcerates Plaintiff—or a comparable facility.[5]  Additionally, when Plaintiff

received his diagnoses, Defendant promptly moved him to USP-Allenwood

because—per Defendant's internal policies—the Federal Bureau of Prisons does not

designate ADX-Florence to house "seriously mentally ill inmates."  Program

Statement 5310.16 at 19.  Thus, to the limited extent that the record reveals the

conditions of Plaintiff's current confinement, it suggests that Defendant gave

---

[5] We do not decide whether the class action settlement in Cunningham v. Federal Bureau of Prisons, No. 12-cv-01570-RPM-MEH, 2016 WL 8786871 (D. Colo. Dec. 29, 2016), aff'd, 709 F. App'x 886 (10th Cir. 2017), binds Plaintiff.  We reference this settlement only as a record-based insight into the relative conditions of Defendant's facilities.

Plaintiff conditions preferable to those about which Plaintiff complained. This confirms that we should apply prudential mootness and dismiss this case.

Finally, even if Plaintiff has requested relief that could have a continuing effect, this relief requires us to restrict the conduct of officials outside of this circuit. As a general principle, opinions handed down in one circuit do not bind other circuit courts. Hill v. Kan. Gas Serv. Co., 323 F.3d 858, 869 (10th Cir. 2003). Accordingly, prudence counsels us to be reluctant to issue judgments that bind extra-circuit officials. See Jordan, 654 F.3d at 1034. Such a judgment may not align with past or future Third Circuit precedent and may lead to disparate treatment of inmates at USP-Allenwood. Our precedent instructs us to find this type of plea prudentially moot.[6] Id. (citing Va. Soc'y for Hum. Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 394 (4th Cir. 2001)).

Under these considerations, Plaintiff has not persuaded us that he faces a cognizable danger of recurrent violation beyond a mere possibility.[7] See Bldg. & Constr. Dep't, 7 F.3d at 1491–92; W.T. Grant Co., 345 U.S. at 633. In accordance

---

[6] We recognize Plaintiff's concern that some could misinterpret this holding as a license for the Federal Bureau of Prisons to concoct mootness by transferring litigant inmates. Because Plaintiff has not alleged—or presented evidence—that Defendant acted to create mootness, we need not answer whether or how we would apply this discretionary doctrine in such a case.

[7] The district court denied Plaintiff's motion to file a fifth amended complaint. Although Plaintiff appeals this decision, we need not reach this issue. Because his proposed fifth amended complaint expressly addressed his conditions of confinement only at ADX-Florence, we would hold his appeal prudentially moot under either the fourth or fifth amended complaint.

with these considerations and our precedent, we dismiss this appeal as prudentially moot.[8]

DISMISSED.

_____

[8] During oral argument, we asked Defendant whether it forfeited its prudential mootness argument under United States v. Winter Rose Old Rock, 76 F.4th 1314, 1317–18 (10th Cir. 2023). Our questioning prompted Defendant to file its Motion to Dismiss Appeal as Prudentially Moot and for Leave to File Out of Time for Good Cause—prompting Plaintiff to file its Motion to Strike and File Response to Motion to Dismiss.

In Winter Rose Old Rock, 76 F.4th at 1317 n.3, we held that under 10th Circuit Rule 27.3, parties forfeit all grounds for dismissal—except for lack of jurisdiction or waiver of appeal—not raised in a motion to dismiss within fourteen days of the filing of the notice of appeal, absent good cause. We conclude Winter Rose Old Rock does not preclude us from considering Defendant's prudential mootness argument. First, we can find a case prudentially moot without the request of a party. Prudential mootness concerns whether the "party invoking the equitable remedial powers of the federal courts . . . 'satisf[ied] the court that [the requested] relief is needed.'" Winzler v. Toyota Motor Sales U.S.A., Inc., 681 F.3d 1208, 1210–11 (10th Cir. 2012) (quoting W.T. Grant Co., 345 U.S. at 632). Because we can hold sua sponte that a plaintiff has not satisfied this burden, we can dismiss this appeal as prudentially moot without considering Defendant's motion to dismiss.

Second, assuming Winter Rose Old Rock interpretation of Rule 27.3 applies to Defendant's motion, we may suspend any part of our rules with or without party motion. 10th Cir. R. 2.1; Sinclair Wyo. Ref. Co. v. U.S. Env't Prot. Agency, 887 F.3d 986, 988 (10th Cir. 2017). We do so here and evaluate the prudential mootness argument Defendant raised in its first brief and at oral argument. So we deny as moot Defendant's Motion to Dismiss Appeal as Prudentially Moot and for Leave to File Out of Time for Good Cause, and Plaintiff's Motion to Strike and File Response to Motion to Dismiss.