**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**September 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

EMILY COHEN,

    Plaintiff - Appellant,

v.

ANDREW HARTMAN, in his official
capacity; ANNE KELLY, in her official
capacity,

    Defendants - Appellees.

No. 23-1364
(D.C. No. 1:22-CV-00773-WJM-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Emily Cohen appeals from the district court's order denying her second

emergency motion for injunction.  Her motion sought to enjoin the defendants from

violating the Americans with Disabilities Act (ADA) and her constitutional rights in

connection with her ongoing state criminal proceedings.  Because the state criminal

___

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceedings have ended, her request for injunctive relief has become moot and we therefore dismiss this appeal.

## BACKGROUND

**Ms. Cohen's ADA Complaint**

Ms. Cohen is a disbarred Colorado attorney who has been named a defendant in two separate Colorado state court criminal proceedings.[1]  She filed her complaint in this federal court action in March 2022.  The complaint named as defendants Andrew Hartman, a state court judge, and Anne Kelly, a state deputy district attorney, in their official capacities.  It asserted claims under Title II of the ADA for failure to accommodate, disability discrimination, and retaliation.  The complaint repeatedly stated that Ms. Cohen sought only compensatory damages and did not seek injunctive relief.  *See, e.g.*, Jt. Suppl. App., vol. 1 at 19, 22, 29.

The defendants moved to dismiss the complaint or for a more definite statement.  *See* Fed. R. Civ. P. 8(a), 12(b).  The district court granted Judge Hartman's request for a more definite statement and set a deadline for Ms. Cohen to file an amended complaint if she wished to cure the defects and

---

[1] We typically construe a pro se party's filings liberally, but we need not extend the same courtesy to licensed attorneys. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).  Because Ms. Cohen has legal training, even though she has been disbarred, we will not afford her filings the liberal construction typically extended to pro se litigants.  Even if we were to construe her pleadings liberally, however, we would still dismiss this appeal.

deficiencies in her complaint.  Before filing her amended complaint, however,

Ms. Cohen filed two motions for preliminary injunctive relief.[2]

**Ms. Cohen's Motions for Injunctive Relief**

Ms. Cohen first filed a "Verified Emergency Motion for a Temporary

Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief."

Jt. Suppl. App., vol. 1 at 109-21.  The district court denied that motion without

prejudice, concluding it could not clearly discern which of the defendants' specific

actions Ms. Cohen was seeking to enjoin.

Ms. Cohen filed her second motion for injunction, at issue in this appeal, on

November 13, 2023.  Jt. Suppl. App., vol. 1 at 134-50.  To establish context for the

injunctive relief she sought through the motion, we will briefly describe the state

court criminal proceedings at issue in this case.

**<u>Case No. 14CR437</u>**

In April 2015, Ms. Cohen was convicted in state court of thirteen counts of

theft for taking money from immigration clients or their payors without providing the

legal services they paid for and without refunding the money.[3]  *People v. Cohen*,

440 P.3d 1256, 1259-60 (Colo. App. 2019).  She appealed her conviction to the

---

[2] Ms. Cohen eventually filed an amended complaint.  That complaint, which was 92 pages long and contained 347 paragraphs, again asserted three ADA-related claims.  Jt. Suppl. App., vol. 2 at 392-483.  The request for relief stated she sought compensatory damages but did not mention prospective relief.  *Id.* at 482.

[3] This conduct also resulted in her disbarment.  *See People v. Cohen*, 369 P.3d 289, 297 (Colo. O.P.D.J. 2016).

Colorado Court of Appeals. In 2019, that court ruled that the trial court had erred by admitting hearsay evidence. *Id.* at 1260. It therefore reversed the judgment and remanded the case for a new trial. *Id.* at 1265.

Because Ms. Cohen had previously failed to appear in person at a July 2021 hearing, claiming she had been diagnosed with COVID-19, the state district court had ruled that she had to support any request to appear remotely due to a COVID-19 diagnosis with COVID-19 test results. The court set the case for a status hearing on November 2, 2021, and ordered Ms. Cohen to appear in person. On the day before the November 2 hearing, Ms. Cohen notified the court that she would appear virtually at the next day's hearing. Her pleading attached a doctor's letter claiming she had tested positive for COVID-19 on October 28, 2021.

But at the November 2 hearing, the prosecution presented evidence showing that letter was fraudulent. The state district court therefore issued a warrant for Ms. Cohen's arrest. She was arrested in Iowa and extradited to Boulder. After her return to Colorado, in order to resolve the charges in Case No. 14CR437, Ms. Cohen pled guilty to a single felony theft count.

Notwithstanding her guilty plea, Ms. Cohen appealed her conviction to the Colorado Court of Appeals (Case No. 22CA77). That appeal remained pending at the time she filed her second motion for preliminary injunction. But in July 2024, the

4

court of appeals affirmed her conviction.  *See People v. Cohen*, No. 22CA0077, 2024 WL 3872911, at *8 (Colo. App. July 11, 2024) (unpublished).[4]

### Case No. 21CR1982

Because she had allegedly submitted a fraudulent doctor's letter to the court in connection with the November 2 hearing, as well as two prior fraudulent documents in connection with her previous July 2021 claim of a positive COVID-19 diagnosis, Ms. Cohen was criminally charged with three counts of attempting to influence a public servant and three counts of forgery.

After several counsel entered appearances for Ms. Cohen in No. 21CR1982 and then withdrew, the state court held a hearing to address her concerns about her then-current counsel, Kathleen Sinnott.  The court determined that Ms. Sinnott would remain as counsel for Ms. Cohen.  *See* Jt. Suppl. App., vol. 2 at 343 (order of Aug. 21, 2023).  Following the hearing, however, Ms. Cohen sent emails to the court expressing a desire to represent herself.  *See id.* at 344.  After a further hearing, at which Ms. Cohen denied that she had requested to represent herself, the court found that Ms. Cohen's "vacilation and her delay in asserting her right to represent herself constitutes a manipulation of the trial process and therefore a waiver of her right to self-representation."  *Id.* at 345.  It therefore denied Ms. Cohen's request to represent herself and ordered the case to proceed to trial.

---

[4] The court stated one of her claims would more properly be pursued in a motion for postconviction relief.  *See Cohen*, 2024 WL 3872911, at *7.

But Ms. Sinnott also later withdrew from representing Ms. Cohen, and Jeffery L. Weeden was appointed to represent her.  Then he in turn moved to withdraw based on irreconcilable conflicts, including Ms. Cohen's filing of a complaint against him with the Colorado Office of Attorney Regulation Counsel.  *Id.* at 374.  After holding an additional hearing, the court granted the motion to withdraw and advised Ms. Cohen that an implied waiver of counsel could be found based on her conduct.  *Id.* at 377.

The state court scheduled a trial for December 4, 2023.  The court informed Ms. Cohen that it intended to proceed with trial on that date with Ms. Cohen representing herself, but it also informed her she could apply for alternate defense counsel.  *Id.*  It was then that she filed her second injunction motion in this case, complaining that she had been ordered to appear at trial "without a lawyer and without her ADA Compl[ia]nt trained service dog."  Aplt. App. at 8 (internal quotation marks omitted).

**District Court's Disposition and Appeal**

The district court denied the motion, concluding that *Younger v. Harris*, 401 U.S. 37 (1971), required it to abstain from deciding the merits of the request for injunctive relief.  Ms. Cohen appealed the denial.  *See* 28 U.S.C. § 1292(a)(1) (permitting interlocutory appeal of orders denying injunctions).

**Additional Facts Relating to the Motion to Dismiss This Appeal**

In February 2024, Judge Hartman, styling himself the Twentieth Judicial District because he had been sued in his official capacity, filed a motion to dismiss

6

this appeal for lack of subject matter jurisdiction.[5]  He provided additional facts to show that the appeal had become moot.  Ms. Cohen has also supplied us with additional facts relating to the mootness issue.  These facts are as follows.

On December 4, 2023, after the district court denied her second motion for an injunction, Ms. Cohen pled guilty to one count of forgery in Case No. 21CR1982.  Judge Hartman asserts that because of her guilty plea she no longer requires a service dog to attend a trial with her in that case, or counsel to represent her.  He further notes Ms. Cohen appealed her forgery conviction to the Colorado Court of Appeals (Case No. 23CA2114), but that court has dismissed her appeal.

In her response to the motion to dismiss, Ms. Cohen asserted that although the court of appeals had dismissed her forgery appeal, she had filed a petition seeking rehearing of the dismissal, which she stated remained pending before the Colorado Court of Appeals.  The motion to dismiss this appeal, Ms. Cohen's response, and the reply were referred to this merits panel.

Merits briefing proceeded.  Judge Hartman attached to his merits brief an order of the Colorado Court of Appeals dated March 29, 2024, in 23CA2114, denying Ms. Cohen's petition for rehearing.[6]  Ms. Cohen then responded in her merits reply

---

[5] Defendant Kelly did not join his motion to dismiss, but in her merits brief she also asserted that the appeal had become moot.

[6] In its order the court of appeals referred to the rehearing petition as a "motion to reconsider."

brief with an attachment showing that on April 25, 2024, she had asked the Colorado Court of Appeals to withdraw its mandate and to reinstate her appeal.

## DISCUSSION

### Ms. Cohen's Appeal Has Become Moot

The subject of this interlocutory appeal is narrow. We are only concerned with whether the district court properly denied Ms. Cohen's second emergency motion for a preliminary injunction. Because the controversy over the alleged injuries that the motion sought to prevent has become moot, we must dismiss this appeal.

"Constitutional mootness stems from Article III's requirement that federal courts only adjudicate 'Cases' or 'Controversies.'" *Bacote v. Fed. Bureau of Prisons*, 94 F.4th 1162, 1166 (10th Cir. 2024) (quoting U.S. Const. art. III, § 2, cl. 1). "The doctrine of mootness rests on a simple principle: the controversy that existed at litigation's commencement may dissipate before its conclusion." *Id.* "A suit becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (internal quotation marks omitted). In particular, "[a]n injunctive relief claim becomes moot when the plaintiff's continued susceptibility to injury is no longer reasonably certain or is based on speculation and conjecture." *Robert v. Austin*, 72 F.4th 1160, 1164 (10th Cir. 2023) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 573 (2024); *see also Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012) (assessing mootness by asking whether a favorable decision by the court would presently affect or have a "more-than-speculative chance" of affecting

the parties' rights (internal quotation marks omitted)).  "The defendant bears the burden of establishing that a once-live case has become moot." *Robert*, 72 F.4th at 1163-64 (internal quotation marks omitted).

Although Ms. Cohen's second motion for injunction described at length various wrongful actions the defendants had allegedly taken against her in both of her criminal cases, and broadly requested injunctive relief against the ongoing denial of her constitutional rights and failure to accommodate her disabilities, its gist was that the court should enter an injunction to protect her rights under the ADA and/or the Constitution in connection with further proceedings in the forgery case.  *See* Jt. Suppl. App., vol. 1 at 136, 137-38, 141.  Ms. Cohen's prayer for relief requested "that [the district court] issue an emergency injunction ordering Defendants to follow federal law, including to cease denying her right to counsel, to cease denying access to the state courts via its ban on her service dog, and to cease its refusal to order appointment of counsel." *Id.* at 148 (boldface type and underlining omitted).

But the forgery case is over.  It ended in state district court when Ms. Cohen pled guilty.  She no longer requires a lawyer to represent her at trial in that case or a service dog to accompany her, as no trial will be held.  And although Ms. Cohen appealed to the Colorado Court of Appeals, that court has dismissed her appeal and has also denied her petition for rehearing from the dismissal.  In addition, we note that on May 24, 2024, the court of appeals also denied her motion to recall its

9

mandate.  Order of Court, *People v. Cohen*, No. 2023CA2114 (Colo. App. May 24, 2024).[7]

Ms. Cohen presents several arguments that this appeal is not moot, but none persuades us.  She first argues this appeal cannot be moot so long as the federal district court case underlying her motion for an injunction remains pending and the district court's order denying an injunction has not been reversed or vacated.  That argument is frivolous; it fundamentally misperceives the scope of this appeal and the nature of the injury required to demonstrate a live case and controversy concerning the appeal.

She next contends that her other appeal before the Colorado Court of Appeals concerning the theft conviction, No. 22CA77, is fully briefed and remains pending.  Resp. to Mot. to Dismiss at 3.  But she does not explain how her appeal in No. 22CA77, which has since been resolved, demonstrates the existence of a live controversy.  We will not attempt to make an argument on that point for her.

Ms. Cohen also argues the probationary term of her sentence will "giv[e] these defendants jurisdiction over Ms. Cohen for at least another three years." *Id.* at 4. She asserts the defendants have continued to violate her right to reasonable accommodation for her disability by (1) failing to email to her orders the state courts

---

[7] Although this order is not part of the record on appeal, we take judicial notice of it.  *See United States v. Leal*, 921 F.3d 951, 963 n.10 (10th Cir. 2019) (taking judicial notice of docket information from another court); Fed. R. Evid. 201(b)(2).

have entered in her cases, (2) refusing to sign an order relating to her forgery appeal,[8] (3) declining to accept her email filings, and (4) denying her requests for "assistance filling out forms, filing forms, and making payments to the probation department." *Id.* at 7. But these particular harms (along with the assertion that they warrant relief under the ADA) are newly asserted and differ from the harms she previously described in her emergency motion for injunction. They were not presented to the district court as grounds for injunctive relief and are not before us. *See Little v. Budd Co.*, 955 F.3d 816, 821 (10th Cir. 2020) ("[A]bsent extraordinary circumstances, arguments raised for the first time on appeal are waived."). We therefore decline to consider the alleged harms as evidence that a cognizable, ongoing case or controversy continues to exist concerning the request for injunctive relief.

## CONCLUSION

Because Ms. Cohen no longer remains susceptible to the injury she sought to enjoin through her second emergency motion for a preliminary injunction, her appeal is moot. We therefore lack jurisdiction to entertain the merits of the instant appeal. The Twentieth Judicial District's motion to dismiss this appeal is granted.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[8] As noted, that appeal has been dismissed and the Colorado Court of Appeals has both denied reconsideration and declined to withdraw its mandate.

11